COPY
ORIGINAL FILED
07 MAR 19 PM 3:00
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Amanda L. Groves (SBN: 187216)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: agroves@winston.com

Attorneys for Defendant
CAPGEMINI U.S. LLC F/K/A CAP GEMINI ERNST & YOUNG U.S. LLC

E-Filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

PJH

| | |
|---|---|
| PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT ON BEHALF OF DEFENDANT CAPGEMINI U.S. LLC** |
| vs. | |
| CAP GEMINI ERNST & YOUNG U.S. LLC, | |
| Defendant. | |

1
NOTICE OF REMOVAL OF CIVIL ACTION

SF:156679.1

Defendant Capgemini U.S. LLC f/k/a Cap Gemini Ernst & Young U.S. LLC ("Capgemini" or "Defendant"), by its undersigned attorneys, Winston & Strawn LLP, hereby states as follows in support of removal pursuant to 28 U.S.C. § 1441, *et seq.*:

### BACKGROUND

1. On or about November 14, 2006, plaintiff Pacific Health Advantage dba Pac Advantage ("Pac Advantage" or "Plaintiff") filed a complaint (the "Complaint") in the Superior Court of California, County of San Francisco, bearing Docket Number CGC-06-457879.

2. Plaintiff delivered a copy of the Complaint to Capgemini by service of same on February 20, 2007. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this court by Capgemini pursuant to 28 U.S.C. § 1441, because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

3. Complete diversity existed at the time that this action was filed and still exists. Defendant is informed and believes, and thereon alleges, that Plaintiff was, at the time of the filing of this action, and still is a California corporation.

4. Defendant Capgemini is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 750 Seventh Avenue, New York, NY 10019. Its members are Capgemini America Inc., a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 750 Seventh Avenue, New York, NY 10019, and Capgemini Holding Inc., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 750 Seventh Avenue, New York, NY 10019. Capgemini is not a citizen of the State of California.

5. Hence, this action is between citizens of different states.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. Plaintiff's complaint seeks damages of "$750,000+," and also seeks an additional sums of interest and attorney fees according to proof. (Complaint, ¶10.)

//

## REMOVAL IS PROPER

7. Capgemini has complied with all requirements for removal under 28 U.S.C. § 1446. As set forth above, Capgemini received a copy of the complaint on February 20, 2007. This notice is being filed with the Court within 30 days of that date. Capgemini also attaches hereto as Exhibit A a copy of all process, pleadings and orders served upon Capgemini in the action.

8. Written notice of the filing of this notice of removal will promptly be served on the attorneys for Plaintiff, and a copy will promptly be filed with the Clerk of the Superior Court of California, County of San Francisco.

9. This case is removed subject to and without waiver of any challenges which Capgemini may have to personal jurisdiction, proper venue, or any other claims or defenses that may be available to Capgemini.

10. Capgemini reserves the right to amend or supplement this notice of removal.

WHEREFORE, Defendant Capgemini requests that the above-captioned action be removed from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: March 19, 2007

WINSTON & STRAWN LLP

By: /s/ Amanda L. Groves
Amanda L. Groves
Attorneys for Defendant
CAPGEMINI U.S. LLC.

# EXHIBIT A

| SUMMONS ON COMPLAINT | SUM-100 |
|---|---|
| (CITACION JUDICIAL) | |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAP GEMINI ERNST & YOUNG and DOES 1 to 10

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
400 McAllister Street, Room 103
San Francisco, CA 94102-4514

CASE NUMBER: GC-06-457879
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Monica Cruz Thornton/Jennifer J. Capabianco    (310) 445-0800   (310) 473-2525
SELMAN BREITMAN LLP
33 Montgomery, Sixth Floor
San Francisco, CA 94105-4537

DATE: NOV 14 2006    Gordon Park-Li   Clerk, by _Deborah Steppe_, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Cap Gemini Ernest & Young
    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Ca Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| **SUMMONS** ON COMPLAINT<br>*(CITACION JUDICIAL)* | **SUM-100** |
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAP GEMINI ERNST & YOUNG and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN FRANCISCO<br>400 McAllister Street, Room 103<br>San Francisco, CA 94102-4514 | CASE NUMBER:<br>*(Número del Caso):* CGC-06-457879 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Monica Cruz Thornton/Jennifer J. Capabianco    (310) 445-0800   (310) 473-2525
SELMAN BREITMAN LLP
33 Montgomery, Sixth Floor
San Francisco, CA 94105-4537

DATE: NOV 14 2006    Gordon Park-Li    Clerk, by  Deborah Steppe   , Deputy
*(Fecha)*                *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

982.1(20)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Monica Cruz Thornton (SBN 131446)<br>Jennifer J. Capabianco (193371)<br>SELMAN BREITMAN LLP<br>33 New Montgomery, Sixth Floor<br>San Francisco, CA  94105-4537<br>　　TELEPHONE NO.: (310) 445-0800   FAX NO. *(Optional):* (310) 473-2525<br>E-MAIL ADDRESS *(Optional):*<br>　　ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>NOV 1 4 2006<br><br>GORDON PARK-LI, Clerk<br>BY: DEBORAH STEPPE<br>　　　　　　　　　　　Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
　STREET ADDRESS: 400 McAllister Street, Room 103
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Francisco, CA  94102-4514
　BRANCH NAME:

PLAINTIFF: PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE

DEFENDANT: CAP GEMINI ERNST & YOUNG

[X] DOES 1 TO  10

| CONTRACT | |
|---|---|
| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
　　Amount demanded [ ] does not exceed $10,000
　　　　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
　　　[ ] from limited to unlimited
　　　[ ] from unlimited to limited

CASE MANAGEMENT CONFERENCE SET

APR 1 3 2007  9:00 AM

DEPARTMENT 212

CASE NUMBER:

CGC-06-457879

1. Plaintiff* *(name or names):* PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE

   alleges causes of action against defendant* *(name or names):* CAP GEMINI ERNST & YOUNG

2. This pleading, including attachments and exhibits, consists of the following number of pages: 7
3. a. Each plaintiff named above is a competent adult
   　[ ] except plaintiff *(name):*

   　　(1) [X] a corporation qualified to do business in California
   　　(2) [ ] an unincorporated entity *(describe):*
   　　(3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
   　　a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

   　　b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   　[ ] except defendant *(name):*                      [ ] except defendant *(name):*

   　　(1) [X] a business organization, form unknown     (1) [ ] a business organization, form unknown
   　　(2) [ ] a corporation                             (2) [ ] a corporation
   　　(3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

   　　(4) [ ] a public entity *(describe):*             (4) [ ] a public entity *(describe):*

   　　(5) [ ] other *(specify):*                        (5) [ ] other *(specify):*

FAXED

Page 1 of 2

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.
Form Approved for Optional Use
Judicial Council of California
982.1(20) [Rev. January 1, 2006]

COMPLAINT—Contract

Legal Solutions Plus

Code of Civil Procedure, § 425.12

982.1(20)

| SHORT TITLE: Pac Advantage v. Cap Gemini | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers):* ___1-10___ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [ ] Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to   [ ] Civil Code section 1812.10   [ ] Civil Code section 2984.4.
7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [ ] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   [X] Breach of Contract
   [ ] Common Counts
   [X] Other *(specify):* Fraud, Neligent Misrepresentation, Negligence.

9. [ ] Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $ $750,000 plus
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*
    c. [X] attorney fees
       (1) [ ] of: $
       (2) [X] according to proof.
    d. [ ] other *(specify):*

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: November 14, 2006

Monica Cruz Thornton (SBN 131446)
(TYPE OR PRINT NAME)                                ▶ /s/ *signature*
                                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)
*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: Pac Advantage v. Cap Gemini | CASE NUMBER: |
|---|---|

__FIRST__ CAUSE OF ACTION - Breach of Contract          Page __3__
(number)

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* PAC ADVANTAGE

alleges that on or about *(date):*
a [X] written  [ ] oral  [ ] other *(specify):*
agreement was made between *(name parties to agreement):* Plaintiff and Cap Gemini Ernst & Young
[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify):*
On or about December 19, 2002 PacAdvantage entered into a written contract with defendant. The contract was entered into in San Francisco, CA. Pursuant to that contract defendant was to provide software implementation services to plaintiff. Plaintiff agreed to and did pay defendant monetary compensation for these services pursuant to the contract.
   PacAdvantage has performed all conditions, covenants and promises required in accordance with the terms and conditions of the contract.
   Defendant breached the above-referenced contract by failing to perform the acts required of it to satisfy the contract, specifically by failing to provide the services required of it under the contract.   [SEE BC-6 BELOW]

BC-2. On or about *(dates):*
defendant breached the agreement by   [ ] the acts specified in Attachment BC-2   [ ] the following acts *(specify):*

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[X] as stated in Attachment BC-4   [ ] as follows *(specify):*
   As stated above.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [X] Other: ATTACHMENT TO BC-1 (continued)
   As a result of defendant's breach of the above contract, plaintiff has been damaged in an amount that is not yet certain but which is not less from $750,000. Plaintiff will seek leave of court to amend the complaint to reflect the amount of such damages when the amount of such damagees is more specifically ascertained.

Form Approved by the Jud'cial Council of California Effective January 1, 1982 Rule 982.1(21) Optional Form

**CAUSE OF ACTION - Breach of Contract**     Legal Solutions Plus     CCP 425.12

| SHORT TITLE: Pac Advantage v. Cap Gemini | CASE NUMBER: |
|---|---|

<u>SECOND</u>    CAUSE OF ACTION - Fraud      Page ___4___
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: PAC ADVANTAGE

       alleges that defendant *(name)*: CAP GEMINI ERNST & YOUNG

       on or about *(date)*: In and about 12/19/02 and on defrauded plaintiff as follows:

FR-2. [X] Intentional or Negligent Misrepresentation
       a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
Commencing on or about 12/19/02 and thereafter, defendant through its principals and agents represented that it would provide software implementation management services, provide project management services, remediation and testing of the PX2 System.

       b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:
Defendants in fact did not provide the services noted hereinabove, failed to provide appropriate project management services, remediation and testing as represented and failed to disclose same.

       c. When defendant made the representations,
          [X] defendant knew they were false, or
          [X] defendant had no reasonable ground for believing the representations were true.

       d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] Concealment
       a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:
Defendants in fact did not provide the services noted hereinabove, failed to provide appropriate project management services, remediation and testing as represented and failed to disclose same.
       b. Defendant concealed or suppressed material facts
          [ ] defendant was bound to disclose.
          [ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

       c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

(Continued)

| SHORT TITLE: Pac Advantage v. Cap Gemini | CASE NUMBER: |
|---|---|

**SECOND** (number) **CAUSE OF ACTION - Fraud (Continued)**   Page __5__

FR-4. ☐ Promise Without Intent to Perform
   a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☐ as follows:

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
   [X] as follows: Plaintiffs were induced to and did rely on defendant's representations that project management services including remediation and testing of PX2 would be provided.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 [X] as follows: Plaintiff incurred the claims of serveal healthcare providers for reimbursement of expenditures which were erroneously incurred due to defendant's aforementioned representations .

FR-7. Other:

ATTACHMENT                                CASE NO. _____

SHORT TITLE: PAC ADVANTAGE V. CAP GEMINI

FR-8:

### THIRD CAUSE OF ACTION-BREACH OF FIDUCIARY DUTY

(Against Defendant CAP GEMINI ERNST & YOUNG and DOES 1 to 10.)

Plaintiff PAC ADVANTAGE alleges that Defendant CAP GEMINI ERNST & YOUNG ("CAP GEMINI") were retained by plaintiff for consultation and services for software implementation management of a system known as PX2. As such, defendants owed plaintiff a fiduciary duty to perform the services, disclose all material facts and provide software implementation management services in connection with the PX2 System. Defendant breached its fiduciary duty to plaintiff when it failed to properly perform the management services, remediation and testing as a representative would do and failed to disclose same. Pac Advantage relied upon defendant and defendant's expertise in this relationship for implementation of the software management of PX2 including testing thereof. It was not until November of 2003 and thereafter that Pac Advantage learned of defendant CAP GEMINI's failure to properly implement the PX2 System, testing and remediation for which it was retained and upon which PAC ADVANTAGE relied on defendant to perform. Further, defendant failed to and did not disclose its failure to properly implement management, remediation and testing of the PC2 System.

As a result of the defendant's breach of fiduciary duties plaintiff PAC ADVANTAGE has been damaged in the amount of at least $750,000 based upon claims from third party providers, and subject to proof.

6

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PAC ADVANTAGE V. CAP GEMINI ERNST & YOUNG | |

FOURTH — CAUSE OF ACTION - General Negligence — Page 7
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: PAC ADVANTAGE

alleges that defendant *(name)*: CAP GEMINI ERNST & YOUNG

[X] Does __1__ to __10__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: Date of contract
at *(place)*: And Continuing location of performance of services, San Francisco, CA
*(description of reasons for liability)*:

Defendant negligently failed to perform professional services, failed to disclose failure to perform, performance fell below the standard of care thereby being the proximate cause of damages to Pac Advantage. Plaintiff did not incur actual damages until after discovery of defendant's negligence and actual damages until on or about August of 2006 and subject to proof.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

CAUSE OF ACTION - General Negligence

Legal Solutions Plus

CCP 425.12

11/14/2006 12:39 FAX

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Monica Cruz Thornton (SBN 131446)
Jennifer J. Capabianco (SBN 193371)
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537

TELEPHONE NO.: (310) 445-0800  FAX NO.: (310) 473-2525
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Main

CASE NAME: PACIFIC ADVANTAGE dba PACIFIC ADVANTAGE V. CAP GEMINI ERNST & YOUNG

**FOR COURT USE ONLY**

ENDORSED
F I L E D
San Francisco County Superior Court

NOV 14 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
              Deputy Clerk

**CIVIL CASE COVER SHEET**
[X] Unlimited  [ ] Limited
(Amount         (Amount
demanded        demanded is
exceeds $25,000) $25,000 or less)

**Complex Case Designation**
[ ] Counter  [ ] Joinder
Filed with first appearance by defendant
(Cal. Rules of Court, rule 1811)

CASE NUMBER: CGC-06-457879
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract** SW
- [X] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 1800–1812)
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): Breach of Contract, Fraud, Breach of Fiduciary Duties

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015).

Date: November 14, 2006

Monica Cruz Thornton (SBN 131446)
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. January 1, 2006)

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2006]                **CIVIL CASE COVER SHEET**                Page 2 of 2

CASE NUMBER: CGC-06-457879 PACIFIC HEALTH ADVANTAGE DBA PAC ADVANTAGE VS

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

    DATE:    APR-13-2007

    TIME:    9:00AM

    PLACE:  Department 212
                 400 McAllister Street
                 San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges