Amanda L. Groves (SBN: 187216)
Nicole M. Norris (SBN: 222785)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: agroves@winston.com

Attorneys for Defendant
CAPGEMINI U.S. LLC f/k/a/ CAP GEMINI
ERNST & YOUNG U.S. LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAP GEMINI ERNST & YOUNG U.S. LLC,<br><br>　　　　　Defendant. | **Case No. C07 1565 PJH**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE**<br><br>Date:　May 2, 2007<br>Time:　9:00 a.m.<br>Dept:　Courtroom 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

# NOTICE OF MOTION

TO THE HONORABLE JUDGE HAMILTON OF THE UNITED STATES DISTRICT COURT AND COUNSEL OF RECORD FOR ALL PARTIES:

PLEASE TAKE NOTICE, that on Wednesday, May 2, 2007 at 9:00 a.m. defendant Capgemini U.S. LLC f/k/a Cap Gemini Ernst & Young U.S. LLC ("Capgemini" or "Defendant") will and hereby does move (the "Motion") this Court for an order dismissing this action for improper venue or, alternatively, transferring this action to the United States District Court, Southern District of New York. This Motion is made pursuant to Rules 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) and is based on (a) this Notice; (b) the attached Memorandum of Points and Authorities; (c) the Declaration of James Farnsworth, Esq. herewith; (d) the arguments of counsel at the time of the hearing on the Motion; and (e) all other pleadings and matters of record in this litigation.

## STATEMENT OF ISSUES TO BE DECIDED

Should this action alleging breach of contract and similar claims be transferred to New York, where the parties agreed that all claims arising out of relating to their contract would be litigated exclusively in New York?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pacific Health Advantage dba Pac Advantage ("Plaintiff") engaged Capgemini as a consultant pursuant to the contract described below. That contract requires that any claim "arising out of or relating to" the contract or Capgemini's services "must be brought" where the defendant has its principal place of business. Those same contract provisions also state that Capgemini's principal place of business for purposes of the contract is New York, New York. Nonetheless, Plaintiff filed the instant action for breach of contract and other claims relating to Capgemini's consulting services in San Francisco, California.

Accordingly, Capgemini brings this motion – its initial responsive pleading – under Rule 12(b)(3), which expressly permits improper venue to be raised by a dismissal motion. As an alternative to dismissal of the action, Capgemini requests the matter be transferred to the United

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1406(a).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties' Agreement.

By letter agreement dated on or about December 18, 2002 (the "LOU"), with Terms and Conditions attached thereto as Appendix A (the "Terms and Conditions", which together with the LOU shall be referred to collectively herein as the "2002 Agreement"), Plaintiff engaged Capgemini to act as a consultant and project manager for Plaintiff's "PX2" custom application system. Plaintiff's complaint specifically alleges that it was this 2002 Agreement that Capgemini breached. (Cmplt, ¶ BC-1.) Although Plaintiff failed to attach a copy of the 2002 Agreement to its complaint, the Agreement is submitted herewith as Exhibit A to the Farnsworth Declaration. In addition to a limited express warranty (¶ III), a limitation of liability (¶¶ III.C,D and F.) and a one-year statute of limitation (¶ XVII), the 2002 Agreement included the following forum selection clause:

> The parties will attempt in good faith to resolve any controversy or claim arising out of or relating to this Agreement or the Services through discussions between the CGE&Y Vice President and the Client executive responsible for providing and accepting the Services. If these discussions are unsuccessful, <u>the parties agree that any action asserting a claim by one party against the other party hereto arising out of or relating to this Agreement or the Services must be brought in the state or federal court for the county or district wherein the party against which the claim is brought has its principal place of business</u>. Notwithstanding the foregoing, any action asserting a claim for collection of fees, expenses and/or other compensation due or owing to CGE&Y under this Agreement may be brought in a state or federal court in <u>New York, New York, which for purposes of this Agreement, is CGE&Y's principal place of business</u>. If an action is pending in the pending action on any claims between the parties, any claim which could be brought as a counterclaim must be brought in the pending action, if at all. The parties further agree to waive any right to a jury trial that either party might otherwise have in any and all courts.

(2002 Agreement, ¶ XV.A) (emphasis added).

The 2002 Agreement also provided, with respect to "Governing Law": "This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without reference to its choice of law principles." (2002 Agreement, ¶ XVIII). The 2002 Agreement also included an integration clause, and expressly merged all prior and contemporaneous communications. (2002 Agreement, App. A, ¶ I).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### B. The Instant Dispute

In its complaint, filed with the Superior Court for the City and County of Francisco, Plaintiff asserts claims for breach of contract, fraud, negligent misrepresentation, negligence and breach of fiduciary duty. Each claim alleges that Plaintiff was damaged due to alleged failures or wrongful conduct by Capgemini in connection with its consulting work on the PX2 system. Although the complaint was filed in November 2006, it was not served on Capgemini until February 21, 2007. Capgemini promptly removed the case to this Court based on diversity, and now brings this Motion to dismiss or, alternatively, transfer, based on the forum selection clause in the Agreement.

### III.   LEGAL ANALYSIS

### A. Applicable Legal Standards

Contracting parties indisputably can agree on a forum selection clause that subjects the parties to the jurisdiction of a particular court. *National Equip. Rental, Ltd. v. Szukhent* (1964) 375 US 311, 316. Indeed, litigation between such parties commenced elsewhere is subject to dismissal for improper venue. *Carnival Cruise Lines, Inc. v. Shute* (1991) 499 US 585, 595; *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.* (9th Cir. 1990) 915 F.2d 1351, 1353.

Although courts differ as to the procedural mechanism used to effectuate a dismissal for improper venue (*Silva v. Encyclopedia Britannica Inc.* (1st Cir. 2001) 239 F3d 385, 388, fn. 3 (collecting cases)), the preferred procedure in the Ninth Circuit is a Rule 12(b)(3) motion. *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty* (9th Cir. 2002) 294 F.3d 1171, 1174, *overruled in part on other grounds by Norfolk Southern Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14 (2004). This procedure permits the court to look beyond the pleadings, evaluate evidence submitted with respect to the forum selection clause and, upon proper showing, dismiss the action *Id.; see also Argueta v. Banco Mexicano, S.A.* (9th Cir. 1996) 87 F.3d 320, 324; *Frietsch v. Refco, Inc.* (7th Cir. 1995) 56 F.3d 825, 830; *Lipcon v. Underwriters at Lloyd's, London* (11th Cir. 1998) 148 F.3d 1285, 1290.

In addition to Rule 12(b)(3), 28 U.S.C. § 1406 also provides for dismissal (or transfer) when actions are pending in the wrong venue: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). Courts routinely dismiss or transfer cases based on forum selection clauses. *Jackson v. West Telemarketing Corp. Outbound* (5th Cir. 2001) 245 F.3d 518, 523 and *Salovaara v. Jackson Nat'l Life Ins. Co.* (3rd Cir. 2001) 246 F.3d 289, 298 (both transferring); *Allen v. Lloyd's of London* (4th Cir. 1996) 94 F.3d 923, 932 and *Offshore Sportswear v. Vuarnet Int'l. B.V.* (9th Cir. 1997) 114 F.3d 848, 850 (both dismissing).

**B.     The Parties Have Agreed This Action Can Only Be Brought in New York**

As described above, the legal effect of a forum selection clause is the consent of the parties to jurisdiction in the selected forum. *Carnival Cruise Lines, Inc., supra.* Moreover, if a forum selection clause is "mandatory," then a suit can <u>only</u> be maintained in the designated forum. *Docksider, Ltd. v. Sea Technology, Ltd.* (9th Cir. 1989) 875 F.2d 762, 764; *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* (9th Cir. 1987) 817 F.2d 75, 77. Here, there can be doubt that the forum of New York exclusively was selected, since the clause provides the action "must be brought" in that forum. (2002 Agreement ¶ XV).

Nor can there be any doubt that the instant dispute falls within the forum selection clause. The parties agreed to their chosen forum for "any action asserting a claim by one party against the other party hereto arising out of or relating to the Agreement or the Services[1]…" (2002 Agreement ¶ XV). The "arising out of or relating to" language is consistently construed as among the broadest language available, and applies to both contract and tort claims that relate to or arise from the contractual relationship. *Manetti-Farrow, Inc. v. Gucci America, Inc*. (9th Cir. 1988) 858 F.2d 509, 514; *Smith, Valentino & Smith v. Sup. Ct.* (1976) 17 Cal.3d 99.

Here, Plaintiff claims that Capgemini breached the parties' agreement, misrepresented its Services and breached a fiduciary duty allegedly arising from the subject retention. All these claims "arise out of" and are "related to" the parties' agreement and the Services, and all can be pursued only in New York.

**C.     The Forum Selection Clause Is Valid and Enforceable**

Forum selection clauses are presumptively valid and enforceable. *M/S Bremen v. Zapata*

---

[1] "Services" is defined as Capgemini's services "described in the accompanying Letter of Understanding" and sets forth at length Capgemini's role on the engagement. (2002 Agreement, ¶ I).

*Off–Shore Co.* (1972) 407 U.S. 1, 15. Indeed, plaintiffs attempting to show otherwise face "a heavy burden of proof." *M/S Bremen*, 407 U.S. at 19. Under federal law, enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching." *Manetti-Farrow, Inc. v. Gucci America, Inc., supra*, 858 F.2d at 512. California law is in accord. *Smith, Valentino & Smith, supra,* 17 Cal.3d 99 (upholding forum selection clause in contract of adhesion); *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1678 (forum selection clause for New York upheld where covenant within the reasonable expectations of the party against whom it was enforced). The result also is the same under New York law. *See Jones v. Weibrecht* (2nd Cir. 1990) 901 F.2d 17, 19 (affirming dismissal of federal action when agreement provided for exclusive jurisdiction in state court); *America Online Latino v. America Online, Inc.* (S.D.N.Y. 2003) 250 F.Supp. 2d 351, 365 and n.78 (dismissing New York action when "[a]greement to which plaintiff asserted claims provided for exclusive jurisdiction in courts in Virginia in suits of this character").[2]

The agreement at issue here is between two sophisticated business entities accustomed to contract negotiations. (Not that forum selection clauses are limited to enforcement between business entities. On the contrary, the Supreme Court has enforced such clauses between consumers and cruise lines in contracts of adhesion. *Carnival Cruise Lines, supra*; *Carron v. Holland America Lie-Westours, Inc.* (E.D.N.Y. 1999) 51 F.Supp. 2d 322.) In addition, even if the subject services were performed in California, this cannot render the forum selection clause unenforceable. *Zenger-Miller, Inc. v. Training Team, supra*. Financial difficulties, travel hardships and lack of available claims in the selected forum all have been rejected as insufficient to overcome a party's previous agreement to jurisdiction in a particular forum. *See e.g., Carron, supra* (citations omitted). The forum selection clause here "simply does not present the type of 'exceptional' situation in which judicial

---

[2] *See also Hendricks v. Bank of Am., N.A.* (9th Cir. 2005) 408 F.3d 1127, 1137 (plaintiffs had the burden to show that "trial in the contractual forum would be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court") (internal citations omitted); *Intershop Communications AG v. Sup. Ct.* (2002) 104 Cal.App.4th 191, 201 (court upheld adhesion-like forum selection clause requiring litigation to take place in Germany because "plaintiff made no showing in the trial court that substantial justice could not be achieved in a German court or that a rational basis is lacking for the selection [of the forum]").

enforcement of a contract choice of forum clause would be improper." *P&S Business Machines, Inc. v. Canon USA, Inc.* (11th Cir. 2003) 33 F.3d 804, 808). Capgemini's motion should be granted.

### IV.  CONCLUSION

For the foregoing reasons, Capgemini respectfully requests the Court dismiss or, alternatively, transfer this instant action to the United States District Court, Southern District of New York.

Dated: March 23, 2007                    WINSTON & STRAWN LLP

By: /s/ Amanda L. Groves
Amanda L. Groves
Nicole M. Norris
Attorneys for Defendant
CAPGEMINI U.S. LLC F/K/A CAP GEMINI ERNST & YOUNG U.S. LLC.