MONICA CRUZ THORNTON (SBN 131446)
JENNIFER J. CAPABIANCO (SBN 193371)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Plaintiff
PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE,<br><br>Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG,<br><br>Defendant. | CASE NO. C07 1565 PJH<br><br>Date : May 2, 2007<br>Time : 9:00 a.m.<br>Dept : Courtroom 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton<br><br>PLAINTIFF PACIFIC HEALTH ADVANTAGE'S OPPOSITION TO DEFENDANT CAP GEMINI ERNST & YOUNG U.S. LLC'S MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE<br><br>Complaint Filed : November 2006 |

## I. INTRODUCTION

On or about November 14, 2006, plaintiff PACIFIC HEALTH ADVANTAGE (hereinafter "PacAdvantage") filed a lawsuit for Breach of Contract, Fraud, Negligent Misrepresentation and Negligence against CAP GEMINI ERNST & YOUNG U.S. LLC (hereinafter "Cap Gemini") based on Cap Gemini's failure to perform under a contract for services. Cap Gemini has filed a Motion to Dismiss,

1

or Alternatively, To Transfer Venue based on an alleged "mandatory" forum selection clause in the Agreement.

## II. FACTS

On or about December 19, 2002, PacAdvantage contracted with Cap Gemini wherein Cap Gemini was to implement software on behalf of PacAdvantage. PacAdvantage paid Cap Gemini for services pursuant to the contract. Cap Gemini was to provide software implementation management services, project management services, remediation and testing of the PX2 System (hereinafter the "Project") before the system was to "go live".

### A. The Dispute

Cap Gemini failed to consult on the Project as contracted to do. As a result, PacAdvantage incurred the claims of several healthcare providers for reimbursement of expenditures which were erroneously incurred due to Cap Gemini's specific representations of project management, including remediation and testing of PX2.

## III. ARGUMENT

### A. The Forum Selection Clause Is Permissive, Not Mandatory

The pertinent portion of the contract states:

"The parties will attempt in good faith to resolve any controversy or claim arising out of or relating to this Agreement or the Services through discussions between the CGE&Y Vice President and the Client executive responsible for providing and accepting the Services. If these discussions are unsuccessful, the parties agree that any action asserting a claim by one party against the other party hereto arising out of or relating to this Agreement or the Services must be brought in the state or federal court for the county or district wherein the party against which the claim is brought has its principal place of business. Notwithstanding the foregoing, any action asserting a claim for collection of fees, expenses and/or other

compensation due or owing to CGE&Y under this Agreement *may* be brought in a state or federal court in New York, New York, which for purposes of this Agreement, is CGE&Y's principal place of business…" (2002 Agreement, attached as Exhibit A to Cap Gemini's moving papers at ¶XV.A) (emphasis added).

28 U.S.C.A. section 1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404.

Section 1404(a) provides the court with discretion to adjudicate motions for transfer on a case-by-case basis considering convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.* (1988) 108 S.Ct. 2239, 2244. The presence of a forum selection clause will be a significant factor that figures centrally in the district court's calculus. *Id*. The district court will be called on to address issues as the "convenience of a [particular] forum given the parties' expressed preference for that venue and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power. *Id*.

Cap Gemini cites an abundance of legal authority stating the basis for a transfer of venue under a forum selection clause. Case law holds:

> "Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, [such a] provision should be respected as the expressed intent of the parties."
>
> *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* (1987) 817 F.2d 75, 77.

Cap Gemini's dissertation of the current state of the law regarding forum selection clauses is correct. Cap Gemini's interpretation of the relevant contract provisions, however, is not.

The Agreement clearly states that New York, New York **may** be the forum for any issue of "collection of fees, expenses and/or other compensation due or owing to CGE&Y under this Agreement." (Appendix A, attached to the 2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at XV ¶A.)

The issues to be litigated in this action are the fees Cap Gemini received for the quality of work performed and work they failed to perform that was required under the Agreement.

Further, contract law requires that where language is ambiguous, the court should construe the language against the drafter of the contract. *Id.* at 78. If Cap Gemini disagrees with this contract interpretation, then there is clearly ambiguous language (PacAdvantage's interpretation versus Cap Gemini's interpretation), therefore the language should be construed against the drafter. Cap Gemini was the drafter of the Agreement and therefore, the Agreement must be construed against them. As such, we reach the same result—the suit **may** be filed in New York, New York, but is not required to do so.

In *Hunt Wesson Foods*, the court held the forum selection clause was permissive rather than mandatory. *Id.* at 77. The contract provided,

> "The Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange,

shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Id.* at 76.

The court specifically stated that the Orange County courts shall have jurisdiction, but this statement does not confer exclusive jurisdiction. *Id.* at 77.

Similar to the Agreement at issue, Cap Gemini contracted that the courts of New York, New York shall have jurisdiction but in no way grants exclusive jurisdiction. Moreover, the Agreement states that Cap Gemini shall not be liable in excess of the fees paid. (2002 Agreement, Appendix A, ¶III(D)). PacAdvantage is seeking to recover exactly this—the fees paid to Cap Gemini because they failed to perform per the Agreement which is exactly what the "compensation" language in the Agreement provides.

As such, PacAdvantage properly filed the Complaint in San Francisco County and Cap Gemini's Motion to Dismiss, or Alternatively, to Transfer should be denied.

B. **Alternatively, Enforcement Of The Forum Selection Clause Would Deprive PacAdvantage Of Their Day In Court**

PacAdvantage must have the ability to litigate their claim for redress in an appropriate forum. Cap Gemini's attempted dismissal and removal is an effort to prevent PacAdvantage from "their day in court."

Under normal circumstances, forum clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off Shore Co.* (1972) 92 S.Ct. 1907, 1913.

"Evidence establishing fraud, undue influence, overweening

bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court" will be grounds for denial of a forum selection clause. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* 817 F.2d at 77.

Assuming arguendo that Cap Gemini's contract interpretation is correct and the action must be venued in New York, New York, Cap Gemini has effectively accepted compensation for work they failed to perform including software implementation management services, project management services, remediation and testing of the Project before the system was to "go live" and have forced PacAdvantage to prosecute the lawsuit in an inconvenient forum, depriving PacAdvantage of their day in court. PacAdvantage can demonstrate that a forum in New York is "sufficiently inconvenient to justify retention of the dispute." *P&S Business Machines, Inc. v. Cannon USA, Inc.* (2003) 331 F.3d 804, 807.

California courts are yet to outline the elements to determine what constitutes the "reasonableness" of a forum selection clause, therefore we defer to persuasive authority in doing so. To determine the reasonableness of a forum selection clause, courts should consider: (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the inconvenience to the parties of any particular location, and (6) whether the clause was bargained for. *Calanca v. D & S Manufacturing Co.* (1987) 157 Ill.App.3d 85, 88.

The residency of the parties is California. PacAdvantage is located exclusively in Northern California. (Decl. of L. Savage at ¶¶4,11). Cap Gemini has an office in San Francisco. (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p. 1). Further, the Agreement that was drafted by Cap Gemini and attached to Cap Gemini's motion as Exhibit A is written on Cap Gemini letterhead with the office location stated as "555 California Street, Suite 1800, San Francisco, California 94104; (415) 951-3200." (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p. 1). This address is obviously in California and the phone number is local to San Francisco. The employees of PacAdvantage had no contact with any representative of Cap Gemini's New York office and local Cap Gemini employees performed the consulting. (Decl. of L. Savage at ¶8). The entire business relationship was between PacAdvantage and the Cap Gemini office in San Francisco. (Decl. of L. Savage at ¶¶7, 8, 9).

The Agreement was executed and performed only in Northern California. (Decl. of L. Savage at ¶¶7, 9, 10). Moreover, the location of the parties and witnesses are located in Northern California as well. (Decl. of L. Savage at ¶¶6, 8). Cap Gemini's "Principal" on the Project was Ira Rothman. (Decl. of L. Savage at ¶¶8). Mr. Rothman was the individual that signed the Agreement on behalf of Cap Gemini. (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p. 6). Mr. Rothman stated in the last paragraph of the Agreement that he could be reached at (415) 951-3217 or on his cell phone at (916) 508-0988.

(2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p. 6). The area code (415) is local to San Francisco and (916) is local to the Sacramento area, both in Northern California. Mr. Rothman will be Cap Gemini's key witness in the defense of this matter and Mr. Rothman's local information is further evidence that he was and is located in Northern California. Moreover, the employees of PacAdvantage are also located in Northern California. (Decl. of L. Savage at ¶6).

PacAdvantage would be greatly inconvenienced if it were forced to prosecute this action in New York, New York because all the parties are located in Northern California. (Decl. of L. Savage at ¶6). Requiring PacAdvantage to transport every potential witness is extremely costly and inconvenient. PacAdvantage is an inactive non-profit company and does not have the funds to fly many individuals back and forth cross country to prosecute an action that arose based on a contract that was executed and performed entirely in Northern California. (Decl. of L. Savage at ¶13).

PacAdvantage was given no opportunity to bargain for the forum selection clause which illustrates undue influence and fraud on the part of Cap Gemini. PacAdvantage was approximately two months behind in the implementation of the Project and Cap Gemini knew this information when PacAdvantage contracted with them. (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at 1). Further, Appendix A attached to the Agreement is a form contract that Cap Gemini prepares for all HIPAA-related services. This effectively was a "take it or leave

it" contract giving PacAdvantage no ability to bargain. Further, PacAdvantage is a non-profit organization and Cap Gemini is a world-renowned company with unlimited funds and resources. Cap Gemini knew that PacAdvantage was in a bind with the delayed implementation of the Project and took advantage of PacAdvantage by including a forum selection clause in New York, New York.

Moreover, Leesa Tori, the former Director of PacAdvantage signed the Agreement on December 20, 2002. (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p.6). The fax header on the Agreement Cap Gemini attached to the Motion shows only six pages were transmitted, therefore it did not include Appendix A. (2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p.6). Further, the Agreement attached as Exhibit A shows a revised date on the bottom of "03.03". (Appendix A, attached to the 2002 Agreement attached as Exhibit A to Cap Gemini's moving papers at p.1.) Therefore, the document produced in support of Cap Gemini's Motion was revised after it was signed by PacAdvantage.

Requiring all the potential witnesses and parties involved to travel cross country to New York when the only relationship with New York is Cap Gemini's principal place of business is an "inconvenient forum," and establishes fraud and undue influence, to say the least.

Further, it is contrary to public policy to permit Cap Gemini to fail to perform to the expectation of the contract and then to effectively prevent PacAdvantage from their day in court by upholding an improper forum clause. Cap Gemini's Motion to

Transfer is an attempt to prevent a smaller company with limited, if no ability to prosecute an action across the country from seeking redress for Cap Gemini's failures per the contract. This is an attempt to "smoke out" the "little guy" and maintain money conferred upon the mistaken belief that services would be adequately performed.

Cap Gemini was compensated and failed to perform their end of the bargain. Cap Gemini is forum shopping and preventing PacAdvantage from "their day in court."

## IV. CONCLUSION

As the forum selection clause in the Agreement between PacAdvantage and Cap Gemini is permissive, PacAdvantage respectfully requests this Court deny Cap Gemini's Motion to Dismiss, or Alternatively, To Transfer Venue. Alternatively, PacAdvantage requests this Court find it is "unreasonable" to uphold the forum selection clause against PacAdvantage and deny Cap Gemini's Motion to Dismiss, or Alternatively, To Transfer Venue.

DATED: April 11, 2007     SELMAN BREITMAN LLP

By: _____
MONICA CRUZ THORNTON
JENNIFER J. CAPABIANCO
Attorneys for Plaintiff
PACIFIC HEALTH ADVANTAGE DBA PAC ADVANTAGE

```
 1  MONICA CRUZ THORNTON (SBN 131446)
    JENNIFER J. CAPABIANCO (SBN 193371)
 2  SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
 3  San Francisco, CA  94105
    Telephone: (415) 979-0400
 4  Facsimile: (415) 979-2099

 5  Attorneys for Plaintiff
    PACIFIC HEALTH ADVANTAGE dba PAC
 6  ADVANTAGE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE,<br><br>         Plaintiff,<br><br>    v.<br><br>CAP GEMINI ERNST & YOUNG,<br><br>         Defendant. | CASE NO.  C07 1565 PJH<br><br>Date : May 2, 2007<br>Time : 9:00 a.m.<br>Dept : Courtroom 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton<br><br>DECLARATION OF LUCIA C. SAVAGE IN SUPPORT OF PLAINTIFF PACIFIC HEALTH ADVANTAGE'S OPPOSITION TO DEFENDANT CAP GEMINI ERNST & YOUNG U.S. LLC'S MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE<br><br>Complaint Filed : November 2006 |

**DECLARATION OF LUCIA C. SAVAGE**

   1.   I am the General Counsel for Pacific Health Advantage (hereinafter "PacAdvantage").

   2.   The facts set forth herein are known to me personally, and if called upon to testify, I could and would competently testify thereto.

1

3. PacAdvantage is a charitable non-profit corporation which operated a health insurance purchasing pool for small businesses. This pool was founded by the State of California in 1992. PacAdvantage assumed operational oversight of the pool in 1999. PacAdvantage closed the operations effective December 31, 2006.

4. PacAdvantage's corporate offices are located in San Francisco, California.

5. In or about December 19, 2002, PacAdvantage contracted with Cap Gemini Ernst & Young (hereinafter "Cap Gemini") wherein Cap Gemini was to consult on the implementation of the PX2 software for PacAdvantage (hereinafter the "Project").

6. All Pac Advantage employees involved in the implementation of the project reside in the Northern California area.

7. PacAdvantage executed the Agreement with Cap Gemini in Northern California.

8. Ira Rothman, Principal of Cap Gemini, was PacAdvantage's primary contact person at Cap Gemini and was located in Northern California when the services were performed.

9. All physical meetings between PacAdvantage and Cap Gemini occurred in Northern California.

10. Cap Gemini performed its services under the contract in Northern California.

11. PacAdvantage does not conduct business outside the State of California.

12. At this time, PacAdvantage does not have active,

ongoing business operations and therefore has no ongoing revenue stream. All expenses must come out of charitable assets.

13. PacAdvantage does not have sufficient funds to transport all necessary witnesses to New York, New York to prosecute this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of April, 2007.

_____
LUCIA C. SAVAGE

3

C07 1565 PJH
DECLARATION OF LUCIA SAVAGE

PROOF OF SERVICE

*PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE v. CAP GEMINI ERNST & YOUNG U.S., LLC*

San Francisco County Superior Court Case No. C 07 1465

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On April 11, 2007, I served the following document(s) described as **PLAINTIFF PACIFIC HEALTH ADVANTAGE'S OPPOSITION TO DEFENDANT CAP GEMINI ERNST & YOUNG U.S. LLC'S MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Amanda L. Groves, Esq.<br>WINSTON & STRAWN, LLP<br>101 California Street<br>San Francisco, CA 94111-5894 | Attorney for<br>Capgemini U.S. LLC f/k/a Cap Gemini Ernst & Young U.S., LLC<br>Telephone: 415-591-1000<br>Facsimile: 415-591-1400 |

X   BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to for delivery to the addressee(s).

☐   BY E-MAIL: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   BY FAX: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   BY PERSONAL SERVICE: I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2007, at San Francisco, California.

*Teresa J. Smith*
Teresa J. Smith

128132.1 293.19184

1