Amanda L. Groves (SBN: 187216)
Nicole M. Norris (SBN: 222785)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: agroves@winston.com
       nnorris@winston.com

Attorneys for Defendant
CAPGEMINI U.S. LLC f/k/a/ CAP GEMINI
ERNST & YOUNG U.S. LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC HEALTH ADVANTAGE dba PAC ADVANTAGE,<br><br>Plaintiff,<br><br>vs.<br><br>CAP GEMINI ERNST & YOUNG U.S. LLC,<br><br>Defendant. | **Case No. C07 1565 PJH**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE**<br><br>Date: May 2, 2007<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## I. INTRODUCTION

This case is Plaintiff's attempt to ignore the contract it signed and the deal it made. The facts are simple: Capgemini and Plaintiff agreed to litigate disputes in New York in a 2002 Agreement they both signed and relied on: "*[T]he parties agree that any action asserting a claim by one party against the other party hereto arising out of or relating to this Agreement or the Services **must be brought** in the state or federal court for the county or district wherein the party against which the claim is brought has **its principal place of business**.*" (Emphasis added). Capgemini has its principal place of business in New York, New York. Yet, Plaintiff filed this lawsuit outside of New York in total disregard of the contract it signed.

Plaintiff's opposition fails to overcome the strong presumption in favor of enforcement of the forum selection clause. Plaintiff cannot show that New York is a seriously inconvenient forum, i.e., that litigating there, as agreed, will deprive Plaintiff of its day in Court. Accordingly, this Court should grant Capgemini's motion and enforce the terms and conditions in the agreed upon forum selection clause.

## II. THE FORUM SELECTION CLAUSE REQUIRES DISMISSAL OR TRANSFER TO THE FORUM SELECTED BY THE PARTIES

Plaintiff's opposition ignores the language cited in the moving papers that requires this action be brought in New York. As disclosed above and in Capgemini's moving papers, the 2002 Agreement is clear – a plaintiff in an action relating to the Agreement or Services *must* file suit where the defendant has its principal place of business. (2002 Agreement, ¶ XV.A) (Attached as Exhibit A to the Declaration of James Farnsworth in Support of Capgemini's Motion to Dismiss). Thus, suit against Capgemini *must* be filed in a state or federal court where Capgemini has its principal place of business. It is undisputed, and the Agreement in fact provides, that Capgemini's principal place of business is located in New York, New York. In this case, since Plaintiff asserts claims against Capgemini relating to the Agreement and Services, Plaintiff is thus *required* to file suit in New York, New York. This lawsuit against Capgemini in California is in direct violation of the 2002 Agreement and should not be allowed to proceed. *Id*.

The language in the forum selection clause is neither ambiguous nor unclear, and certainly

1

**REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE**
**CASE NO. C07 1565 PJH**

SF:159303.5

does not support Plaintiff's strained interpretation that the clause is "permissive." Plaintiff argues the forum selection clause is "permissive" because of the phrase "may be brought:"

> The parties will attempt in good faith to resolve any controversy or claim arising out of or relating to this Agreement or the Services through discussions between the CGE&Y Vice President and the Client executive responsible for providing and accepting the Services. If these discussions are unsuccessful, <u>the parties agree that any action asserting a claim by one party against the other party hereto arising out of or relating to this Agreement or the Services ***must be brought*** in the state or federal court for the county or district wherein the party against which the claim is brought has its principal place of business</u>. Notwithstanding the foregoing, any action asserting a claim for collection of fees, expenses and/or other compensation <u>due or owing to CGE&Y under this Agreement ***may be brought*** in a state or federal court in New York, New York, which for purposes of this Agreement, is CGE&Y's principal place of business</u>. If an action is pending in the pending action on any claims between the parties, any claim which could be brought as a counterclaim must be brought in the pending action, if at all. The parties further agree to waive any right to a jury trial that either party might otherwise have in any and all courts.

(2002 Agreement, ¶ XV.A) (emphasis added).

As made plain by the contract language itself, however, the phrase "may be brought…in New York, New York" has nothing to do with this litigation. That phrase covers actions asserting a claim for compensation due and owing to CGE&Y, i.e., Capgemini. There is no claim in this action for compensation due and owing to Capgemini. Instead, Plaintiff tries to fit a square peg in this round hole by arguing the "issues to be litigated" here include "the fees Cap Gemini received for the quality of the work performed and work they failed to perform that was required under the Agreement." (Opposition, 4:10-12.) However, the provision does not cover "issues" but "actions," and specifically "action[s] asserting a claim" for "compensation due and owing to CGE&Y" – in other words, collection actions. No reasonable interpretation allows Plaintiff's action here to be deemed an action asserting a claim for compensation by Capgemini.

Nor does the case law cited by Plaintiff support labeling the forum selection clause here as "permissive." In *Hunt v. Wesson*,[1] the only precedential case relied on by Plaintiff on this point, the clause at issue read: "The courts of California, County of Orange, ***shall*** have ***jurisdiction*** over the

---

[1] Plaintiff also cites *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988), but it is not clear why. In that case the Supreme Court *upheld* the mandatory forum selection clause, and held state law may not override federal law on that subject.

2

**REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE**
**CASE NO. C07 1565 PJH**

SF:159303.5

parties in any action at law relating to the subject matter or the interpretation of this contract." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987) (emphasis added). The court properly held that the contract did not require suit be filed in Orange County, but if filed, the contract prohibited a party from objecting to that jurisdiction. The court specifically contrasted the permissive language of the *Hunt* contract with other mandatory-type language used in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.* and *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc*. 741 F.2d 273 (9th Cir. 1984) and 466 F. Supp. 71 (S.D.N.Y. 1978) respectively. In *Pelleport*, the clause read: "this Agreement *shall be litigated* only in the Superior Court for Los Angeles (and in no other). *Pelleport*, 741 F.2d at 275 (emphasis added). In *Full-Sight*, the clause read: "any dispute…*shall be brought* in either San Diego or Los Angeles County." *Full-Sight*, 466 F. Supp. at 72 (emphasis added). Like the *Pelleport* and *Full-Sight* clauses, and ***unlike*** the Hunt clause, the clause in the Agreement here uses mandatory language connecting the claims with venue: "any claim…must be brought… "[2] Even under the authorities relied on by Plaintiff, the forum selection clause is mandatory and thus requires dismissal or transfer to New York.

### III. PLAINTIFF HAS FAILED TO MEET ITS "HEAVY BURDEN" TO SHOW THE FORUM SELECTION CLAUSE IS UNENFORCEABLE

Plaintiff acknowledges that forum selection clauses are presumptively valid and enforceable, but curiously states that California courts have not provided a standard for overcoming that presumption. First, however, federal law governs enforcement of forum selection clauses in diversity cases, not state law. *P&S Business Machines,* 331 F.3d at 807.[3] Second, California courts have in fact repeatedly articulated standards for enforcement of forum selection clauses (perhaps

---

[2] As the *Hunt* court also properly found, clauses regulating *jurisdiction* of parties are separate and distinct from clauses articulating particular *venues* (forums) in which actions shall be brought. Indeed, venue and jurisdiction are technically independent issues. *Burlington Northern R.R. Co. v. Ford*, 504 U.S. 648, 650-651 (1992). As the clause here articulates a particular venue, *Hunt* is inapposite in any event.

[3] The distinction is without a difference since, as stated in the moving papers, California, New York and federal law all are in accord. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988) (enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching"); *Jones v. Weibrecht*, 901 F.2d 17, 19 (affirming dismissal of federal action when agreement provided for exclusive jurisdiction in state court); *America Online Latino v. America Online, Inc*., 250 F.Supp 2d 351, 365, n.78 (dismissing New York action when "[a]greement to which plaintiff asserted claims provided for exclusive jurisdiction in courts in Virginia in suits of this character").

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

ignored by Plaintiff due to their outcomes). *Smith, Valentino & Smith*, 17 Cal. 3d 491, 495 (1976) (upholding forum selection clause in contract of adhesion); *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1678 (forum selection clause for New York upheld where covenant within the reasonable expectations of the party against whom it was enforced); *Intershop Communications AG v. Sup. Ct.* (2002) 104 Cal.App.4th 191, 201 (court upheld adhesion-like forum selection clause requiring litigation in Germany).

Plaintiff's reach into the Illinois state court system (citing *Calanca v. D & S Manufacturing Co.*, 157 Ill.App.3d 85, 88[4]) to find a standard is doubly curious since the applicable test for unenforceability is aptly stated in *Hunt,* the 9th Circuit decision relied on by Plaintiff: "Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, [such a] provision should be respected as the expressed intent of the parties." 817 F.2d at 77. Plaintiff has fallen woefully short of showing "fraud, undue influence or overweening bargaining power," and also has failed to show that enforcing the agreement would deprive Plaintiff of its days in court. Indeed, Plaintiff does not cite a single case refusing to enforce a forum selection clause, let alone doing so on facts similar to those here. On the contrary, and as shown below, courts repeatedly have rejected the very arguments Plaintiff raises, and the forum selection clause agreed to by the parties should be enforced.

### A. Plaintiff Fails to Establish the Required Fraud, Undue Influence or Overweening Bargaining Power.

Plaintiff's attempt to show fraud, undue influence or overweening bargaining power lapses directly into a discussion of inconvenience and never once provides the Court with any evidence supporting the argument. Instead, Plaintiff simply *argues* that it entered into the agreement with its

---

[4] Ironically, even if controlling precedent, the result of this case is to the detriment of Plaintiff. The court in *Calanca* dismissed the plaintiff employee's case against the employer because it was not filed within the proper forum as designated in a forum selection clause the parties agreed to. The court dismissed the case because "case law has construed the words 'shall' and 'must' in a forum selection clause, to mean the stated forum is exclusive." *Calanca*, 15 Ill.App.3d at 87 (citing cases). Further, despite the plaintiff's assertion that none of the witnesses were located in the designated forum, the court held plaintiff failed to meet the heavy burden of showing he would be so seriously inconvenienced to the point of being deprived of his day in court. *Id*. at 90.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

"hands essentially tied." Plaintiff submits no evidence of this, or any evidence whatsoever of the negotiations of its agreements with Capgemini. Thus, there is no evidence that Capgemini presented the terms on a "take it or leave it" basis, despite repetition of that phrase in the opposition brief. No evidence suggests Plaintiff was precluded from negotiating any part of the Agreement – or even that Plaintiff asked about the forum selection clause or sought to change it. Plaintiff has failed to meet its "heavy burden" for lack of evidence alone.

Even if Plaintiff had submitted evidence, however, it cannot establish the type of "fraud, undue influence or overweening bargaining power" required to overcome the forum selection clause. Forum selection clauses are routinely enforced in a wide variety of settings, including even in consumer adhesion contracts. *Carnival Cruise Lines, Inc. v. Schute*, 499 U.S. 585, 593-594 (1991); *Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998) (shareholder's acceptance of American Depository Receipts for Japanese corporation was agreement to forum selection clause in deposit agreement). Plaintiff's unsupported argument that the 2002 Agreement should not be enforced because it is a "form contract that Capgemini prepares for all HIPAA-related services" and is "effectively a 'take it or leave it' contract giving PacAdvantage no ability to bargain" (Opposition, 8:26-9:1) is in direct contrast to the current state of the law. The Supreme Court held in *Carnival Cruise Lines* that even form agreements with forum selection clauses presented on a "take it or leave it" basis do not render the clause invalid or unenforceable. *Id.* at 593-594 ("we do not adopt the Court of Appeals' determination that a non-negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining").

In particular, the Court upheld such form clauses as reasonable for three primary reasons, all of which apply to this case: (1) the cruise line had a "special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora" (*citing The Bremen et al., v. Zapata Off-Shore Co.*, 407 U.S. 1, 13, and n. 15 (1971)); (2) "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving

5

judicial resources that otherwise would be devoted to deciding those motions" (*citing Stewart Organization*, 487 U.S. at 33 (concurring opinion); and (3) "it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Carnival Cruise Lines*, 499 U.S. at 594-595.[5]  Each of these rationale also apply to Capgemini: (1) Capgemini does business all over the globe and it is only reasonable to try and limit the locations in which the company can be sued; (2) Capgemini's forum selection clause makes it clear where actions must be brought and defended (*see also The Bremen*, 407 U.S. at 14 (forum selection clause brings vital certainty with respect to a litigation forum); and (3) the limited exposure can benefit Capgemini's clients by resulting in lower fees.  Neither the law nor facts support Plaintiff's argument that the agreement is unenforceable because it was a "form clause" in a "take it or leave it" agreement.[6]

Even its now-belated expression of inconvenience and expense do not make the forum selection clause unreasonable, especially when Plaintiff is presumed to have contemplated the additional expense and inconvenience attendant on potential litigation in New York when negotiating its contract with Capgemini. *See The Bremen*, 407 U.S. at 16; *Cal-State*, 12 Cal. App. 4th at 1681; *Carron v. Holland America Lie-Westours, Inc.*, 51 F.Supp. 2d 322) (E.D.N.Y. 1999).

Moreover, Plaintiff had ample notice of the terms and conditions in the Agreement and multiple opportunities to review, negotiate and accept or reject the contract and its accompanying forum selection clause, a fact that it does not dispute.  This more than negates any attempt by Plaintiff to claim it was the victim of some overreaching by Capgemini. *Carnival Cruise Lines*, 499 U.S. at 594-595 ("because respondents do not claim lack of notice on the forum clause, we conclude that they have not satisfied the 'heavy burden of proof' required to set aside the clause on grounds of inconvenience.").

---

[5] Superseded by Congress with respect to cruise-line passenger tickets only. *See* 46 U.S.C. App. § 183(c).  Application of precedent remains in tact for all other circumstances. *See Yang v. M/V Minas Leo*, 1996 U.S. App. LEXIS 2235 (9th Cir. Cal. Jan. 26, 1996).

[6] Similarly, in California, even if Plaintiff had no power to negotiate the selected forum, it is of no import so long as Plaintiff signed the contract freely and voluntarily and possessed the power to walk away from negotiations if displeased. *Smith*, 17 Cal. 3d at 495-496; *Cal-State*, 12 Cal.App.4th at 1681; *Furda v. Super. Ct.*, 161 Cal.App.3d 418, 426 (1984).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Further, Plaintiff's allegation that the fax line on the 2002 Agreement indicates that only six pages were faxed is of no moment. The fax line states that the fax is from PacAdvantage. That Plaintiff may have chosen to fax back to Capgemini only the LOU calling for and containing Plaintiff's signature, and may not have faxed back at that same time the attachment incorporated by reference therein containing Capgemini's Terms and Conditions, does not mean that the Terms and Conditions were not sent to PacAdvantage initially and that PacAdvantage did not expressly agree to same by signing the LOU. On the contrary, the evidence shows that the Terms and Conditions, including the forum selection clause, were part of the LOU executed by Plaintiff, and Plaintiff does not deny this fact (or even present a witness with knowledge on this point).

**B.     Plaintiffs' Complaints About Expense and Convenience Do Not Constitute the "Serious Inconvenience" Required to Overcome the Forum Selection Clause.**

As repeatedly held across circuits, the financial difficulty Plaintiff alleges to have if forced to litigate this case in the designated forum of New York, New York, is not itself a sufficient ground to deny enforcement of the valid forum selection clause. *Nureau Ink, LLC v. Zomba Recording, LLC.*, 2006 U.S. Dist. LEXIS 87240 (C.D. Cal., Nov. 29, 2006) (where plaintiffs allude to poor financial state and costs of flying witnesses to New York, court ruled they did not satisfy the "heavy burden" of showing the chosen forum would deny them of their day in court and upheld the forum selection clause); *P & S Business Machines*, 331 F.3d. at 807 (11th Cir. 2003); *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160, n.11 (7th Cir. 1993); *Carnival Cruise Lines*, 499 U.S. at 594 (rejecting argument that movants were physically and financially incapable of litigating in Florida as reason for not enforcing forum selection clause). In *Nureau*, as in this case, the Plaintiff asserted it could not afford to fly witnesses to New York for trial and unsuccessfully argued enforcement of the forum selection clause would deprive him of his day in court. Predictably, the court rejected this argument and held that a showing of financial hardship is insufficient to satisfy the "heavy burden" of showing that the chosen forum would deny them of their day in court. *Nureau*, 2006 U.S. Dist. LEXIS 87240, *21.

Furthermore, "the availability of electronic filing and video and teleconferencing technology limits the need for travel. In addition, in civil case, a plaintiff may pursue a claim without appearing in court in person." *Pratt v. Silversea Cruises, Ltd.*, 2005 U.S. Dist. LEXIS 14339, *11-12 (N.D.

7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Cal. July 12, 2005) (neither financial hardship nor physical disability alone are sufficient to deprive a plaintiff if their day in court); *see also Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2nd Cir. 1995) (holding that while plaintiff claimed that he was physically disabled and that travel to a foreign venue was so expensive and difficult as to deprive him of his day in court, "a plaintiff may 'have his day in court' without ever setting foot in a courtroom"). Thus, the financial burden of traveling to a designated forum is set aside. Accordingly, Plaintiff's assertions that it is a nonprofit[7] and cannot afford to transport individuals back and forth across the country from California to New York (See Opposition, 8: 12-17) simply do not meet the burden required to set aside a forum selection clause.

Moreover, even if such arguments could overcome the agreed forum selection, Plaintiff's "evidence" of inconvenience is exceedingly weak. Plaintiff argues the residence of both parties is California – an assertion belied by the agreement itself, which specifically states Capgemini's principal place of business is New York. The San Francisco branch of Capgemini, prominently featured in Plaintiff's opposition, has been closed since August 2005. Ira Rothman, the purported "key" witness for Capgemini is no longer with the company and his current whereabouts are unknown. Indeed, all of Plaintiff's assertions as to location of witnesses and other evidence appear to be based on Plaintiff's understanding of the location of people and things five years ago. That presumption has no bearing on where they are today and thus, cannot be telling of any potential burden faced by Plaintiff.

Furthermore, any hardship in obtaining testimony from witnesses would be borne mostly by Capgemini, not Plaintiff. If Plaintiff's assertions are correct, and relevant witnesses and documents are (five years later) still located in California, such witnesses are beyond the subpoena power of the New York courts and it will be Capgemini that will have to travel back and forth from New York to California to take the requisite depositions and gather the requested documents. (See Fed. R. Civ. P. 45(b)(2) (a court's subpoena power only reaches 100 miles).

Finally, Plaintiff's assertion that enforcing the forum selection clause would deprive it of its day in court is a transparent attempt to parrot the requirements of the test without showing factual

---

[7] Even if Plaintiff's nonprofit status was relevant, Plaintiff is not a novice inexperienced in the business world. Plaintiff is a sophisticated business entity that not only negotiated with and engaged CapGemini for services, but did the same with a variety of other equally sophisticated vendors.

8

**REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER FOR IMPROPER VENUE**
**CASE NO. C07 1565 PJH**

SF:159303.5

support. In order to meet this heavy burden, Plaintiff ***must show*** that "it is an impossibility for [it] to try [its] case, not simply a less convenient or effective means of doing so." *Pratt*, 2005 U.S. Dist. LEXIS at *11-12. Plaintiff hasn't even attempted to address how or why it would be "impossible" for it to obtain counsel and try the case in New York as it originally agreed to do. Accordingly, Plaintiff *does not* meet the heavy burden required to find the forum selection clause unreasonable, unfair, or otherwise unenforceable. Plaintiff's opposition should be rejected and the forum selection clause enforced.

## IV.    CONCLUSION

For the foregoing reasons, Capgemini respectfully requests the Court enforce the Agreement between Capgemini and PacAdvantage and dismiss or, alternatively, transfer this instant action to the United States District Court, Southern District of New York.

Dated:  April 18, 2007

WINSTON & STRAWN LLP

By:  /s/ Nicole M. Norris
Amanda L. Groves
Nicole M. Norris
Attorneys for Defendant
CAPGEMINI U.S. LLC F/K/A CAP GEMINI ERNST & YOUNG U.S. LLC.