**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC HEALTH ADVANTAGE
dba PAC ADVANTAGE,

    Plaintiff,

    v.

CAP GEMINI ERNST & YOUNG U.S. LLC,

    Defendant.
_____/

No. C 07-1565 PJH

**ORDER GRANTING MOTION TO TRANSFER**

The motion of defendant Capgemini U.S. LLC, formerly known as Cap Gemini Ernst & Young U.S. LLC ("Capgemini"), for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, for an order pursuant to 28 U.S.C. § 1406(a) transferring the case to the Southern District of New York, came on for hearing before this court on May 2, 2007. Plaintiff Pacific Health Advantage ("PacAdvantage") appeared by its counsel Jennifer J. Capabianco, and Capgemini appeared by its counsel Amanda L. Groves. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to transfer, as follows and for the reasons stated at the hearing.

In its motion, Capgemini argues that venue in this district is improper based on the forum selection clause in the contract between the parties. The contract provides, in relevant part, that "any action asserting a claim by one party against the other party hereto arising out of or relating to this Agreement or the Services must be brought in the state or federal court for the county or district wherein the party against which the claim is brought

has its principal place of business." Capgemini is a Delaware limited liability company with its principal place of business in New York. The principal place of business of the two members of the LLC is also New York.

Parties may by contract designate a forum in which litigation is to take place. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). The presence of a forum selection clause may provide a basis for dismissal for improper venue pursuant to Rule 12(b)(3). Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

In addition to seeking transfer under Rule 12(b)(3), a defendant may seek dismissal or transfer under 28 U.S.C. § 1406 when the action is pending in the wrong venue. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 4:152. Under § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 & n.4 (9th Cir. 2000).

Under Ninth Circuit law, federal courts sitting in diversity apply federal law to the question whether a forum selection clause is valid. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988); Google, Inc. v. Microsoft Corp., 415 F.Supp. 2d 1018, 1022 (N.D. Cal. 2005). Under federal law, forum selection clauses are presumed valid, and a party seeking to invalidate such a clause bears a heavy burden of proof. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 17 (1972).

In general, a forum selection clause may be invalidated if (1) the inclusion of the clause was the product of fraud, undue influence, or overreaching; (2) enforcement of the clause would be so fundamentally unfair and seriously inconvenient to one party that it would effectively deprive that party of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. See Carnival Cruise Lines, 499 U.S. at 595; Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004).

The court finds that PacAdvantage has not established that any of the above-cited

2

factors warrant a finding that it should be invalidated. First, with regard to fraud and overreaching, a party opposing the enforcement of a forum selection clause must establish that the forum selection clause itself (as opposed to the entire contract) was obtained through fraud. See Argueta, 87 F.3d at 325. Here, PacAdvantage attempts to argue that the entire contract was obtained through fraud, but provides no evidence that the forum selection clause was the product of fraud.

PacAdvantage also asserts that the fact that it was given no opportunity to bargain for the forum selection clause "illustrates undue influence and fraud" on the part of Capgemini. However, the Supreme Court has made clear that unequal bargaining power and non-negotiation of a forum-selection clause are not enough to negate the clause. Carnival Cruise Lines, 499 U.S. at 595.

Second, with regard to deprivation of the party's day in court, the fact that a foreign forum poses some inconvenience does not prevent enforcement of a forum selection clause. Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1339 (9th Cir. 1997). Where the inconvenience of the forum was foreseeable at the time of contracting, the party seeking to invalidate the forum selection clause must show that the forum will be so inconvenient and prohibitive as to deprive that party of its "meaningful day in court." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984); see also M/S Bremen, 407 U.S. at 18.

Here, PacAdvantage argues that a New York forum would be inconvenient. PacAdvantage claims that requiring all potential witnesses and parties to travel to New York, when the only relationship this case has with New York is that New York is Capgemini's principal place of business, demonstrates that New York is an "inconvenient forum." PacAdvantage asserts that "all the parties are located on Northern California" (based on the fact that PacAdvantage is a California corporation and that Capgemini negotiated the contract by its agent in Northern California); that it would be extremely costly for PacAdvantage to have to "transport every potential witness" to New York; and that PacAdvantage is an "inactive" company that lacks the funds to "fly many individuals back

3

and forth across the country to prosecute and action that arose based on a contract that was executed and performed entirely in Northern California."

PacAdvantage provides no evidence in support of its argument that it would be seriously inconvenienced if forced to litigate in New York. Moreover, even if the court credits this claim, it is not enough for PacAdvantage to meet its burden of showing that it would be effectively deprived of its day in court were the clause enforced. Murphy, 362 F.3d at 1140; see also Talatala v. Nippon Yusen Kaisha Corp., 974 F.Supp. 1321, 1326 (D. Haw. 1997). While financial ability is one basis upon which a party can assert that a forum selection clause is unenforceable, see Murphy, 362 F.3d at 1141-42, cases where courts have found the burden met involved a much greater hardship than PacAdvantage claims here and did not involve only a financial hardship. See, e.g., id. at 1142; see also Walker v. Carnival Cruise Lines, 107 F.Supp. 2d 1135, 1138 (N.D. Cal. 2000).

Finally, with regard to public policy, PacAdvantage argues that "it is contrary to public policy" to permit Capgemini "to fail to perform to the expectation of the contract and then to effectively prevent PacAdvantage from their day in court by upholding an improper forum clause." However, PacAdvantage does not explain what public policy it is relying on, and does not identify the source of this alleged public policy. Moreover, there plainly is a public policy that strongly favors the enforcement of forum-selection clauses. Argueta, 87 F.3d at 325.

In accordance with the foregoing, the court finds that PacAdvantage has not met its burden of showing that the forum-selection clause should be invalidated. Therefore, Capgemini's motion is GRANTED, and this case shall be transferred to the Southern District of New York.

**IT IS SO ORDERED.**

Dated: May 2, 2007

PHYLLIS J. HAMILTON
United States District Judge

4