UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────── x
PACIFIC HEALTH ADVANTAGE d/b/a    :
PACADVANTAGE,                      :   Case No. 07 Civ. 3725 (CM)
                                   :
                Plaintiff,    :
                                   :
        v.                       :
                                   :
CAP GEMINI ERNST & YOUNG,          :
                                   :
               Defendant.    :
─────────────────────────────────── x


CAPGEMINI'S MEMORANDUM OF
LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE COMPLAINT</u>


WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166
(212) 294-6700 (T)
(212) 294-4700 (F)

TABLE OF CONTENTS

Page

Table of Authorities ............................................................................................................ i

Preliminary Statement ........................................................................................................ 1

Statement of Facts .............................................................................................................. 3

      A.    Procedural History .................................................................................................. 3

      B.    The Complaint ........................................................................................................ 3

Argument ........................................................................................................................... 4

POINT I    PLAINTIFF'S CLAIMS ARE BARRED BY THE
CONTRACTUAL STATUTE OF LIMITATIONS ............................................... 4

POINT II    THE COMPLAINT SHOULD BE DISMISSED
BECAUSE IT SEEKS DAMAGES BARRED
BY THE LIMITATION OF LIABILITY PROVISION ........................................ 6

POINT III    PACADVANTAGE'S FRAUD CLAIM LACKS
PARTICULARITY AND IS MERELY A CLAIM
THAT CAPGEMINI FAILED TO PERFORM
ITS CONTRACTUAL OBLIGATIONS ............................................................... 9

      A.    PacAdvantage Fails To Plead Its Fraud Claim with Requisite Particularity ......... 9

      B.    The Alleged Fraudulent Misrepresentations Do Not Give Rise To A
Separate And Distinct Legal Duty ........................................................................ 11

          1.    The Only Misrepresentations Alleged Relate To A
Claimed Breach of Contract ..................................................................... 11

          2.    PacAdvantage Fails To Plead Fraud Damages That
Are Distinct From Its Alleged Contract Damages .................................... 12

POINT IV    PACADVANTAGE FAILES TO STATE A CLAIM
FOR BREACH OF FIDUCIARY DUTY ............................................................ 12

POINT V    PACADVANTAGE FAILES TO STATE A CLAIM
FOR NEGLIGENCE ............................................................................................ 13

Conclusion ....................................................................................................................... 14

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Bell Sports, Inc. v. System Software Associates, Inc.*, 45 F.Supp.2d 220, 227 (S.D.N.Y. 1999) .......................................................................................................9, 11, 13

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) .................................. 3

*Champion Home Builders Co. v. ADT Security Services, Inc.*, 179 F.Supp. 2d 16, 23 (N.D.N.Y. 2001) ............................................................................................................ 6

*Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 347 (2d Cir. 2003) ................................ 3

*DiVittorio v. Equidyne Extractive Industries*, 822 F.2d 1242, 1247 (2d Cir. 1987) ......... 10

*Dyncorp. v. GTE Corporation*, 215 F.Supp.2d 308, 316 (S.D.N.Y. 2002) ....................... 4

*Hutton v. Klabal*, 726 F. Supp. 67, 70 (S.D.N.Y. 1989) .................................................. 10

*Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000) ......................................................... 9

*Papa's June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) ............. 11

*R.H. Damon & Company, Inc. v. Softkey Software Products, Inc.*, 811 F. Supp. 986, 992 (S.D.N.Y. 1993) ................................................................................................11, 12

*In re Rediff.com India Ltd. Securities Litigation*, 358 F.Supp.2d 189, 204 (S.D.N.Y. 2004) .................................................................................................................. 3

*Reuben H. Donnelly Corp. v. Mark I Marketing Corp.*, 893 F. Supp. 285, 289 (S.D.N.Y. 1995) ................................................................................................................ 12

*Roneker v. Kenworth Truck Company*, 977 F. Supp. 237, 240 (W.D.N.Y. 1997) ............. 8

*Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ........................................................ 3

*Schonfeld v. Hilliard*, 218 F.3d 164, 175-76 (2d Cir. 2000) ............................................ 8

*Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) .......................................... 9, 10

*Venetian Jewelers, Inc. v. The Underwriters of Naviga Belgamar*, 2003 WL 21018826 (S.D.N.Y. May 6, 2003) ............................................................................... 4

**STATE CASES**

*Atkins Nutritionals, Inc. v. Ernst & Young, LLP*, 301 A.D.2d 547, 548-49, 754 N.Y.S.2d 320 ......................................................................................6, 7, 13

*Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653................................................................................... 13

*Daily News, L.P. v. Rockwell International Corp.*, 256 A.D.2d 13, 680 N.Y.S.2d 510 (1st Dep't 1998)............................................................................... 6

*Ely-Cruikshank Co., Inc. v. Bank of Montreal*, 81 N.Y.2d 399, 599 N.Y.S.2d 501, 502 (1993)............................................................................................. 5

*Florence v. Merchants Central Alarm Company, Inc.*, 51 N.Y.2d 793, 795, 433 N.Y.S.2d 91, 92 (1980) .................................................................................. 6

*Fluhr v. Goldscheider*, 264 A.D.2d 570, 571, 695 N.Y.S.2d 30 (1st Dep't 1999)............ 14

*Geller v. Esikoff*, 165 A.D.2d 863, 865-66, 560 N.Y.S.2d 328, 331 (2d Dep't 1990).............................................................................................................. 11

*Krantz v. Chateau Stores of Canada, Ltd.*, 256 A.D.2d 186, 187 N.Y.S.2d 24, 25 (1st Dep't 1998)...............................................................................11, 12

*MBW Advertising Network, Inc. v. Century Business Credit Corp.*, 173 A.D.2d 306, 569 N.Y.S.2d 682 1st Dep't 1991) ....................................................... 11

*Metropolitan Life Insurance Company v. Noble Lowndes International, Inc.*, 192 A.D.2d 83, 88-89 600 N.Y.S.2d 212, 215 (1st Dep't 1993), aff'd, 84 N.Y.2d 430, 618 N.Y.S.2d 882 (1994).......................................................................... 6, 7

*Peluso v. Tauscher Cronacher Professional Engineers, P.C.*, 270 A.D.2d 325, 704 N.Y.S.2d 289, 290 (2d Dep't 2000)................................................... 6

*RKB Enterprises, Inc. v. Ernst & Young*, 182 A.D.2d 971, 972, 582 N.Y.S.2d 814, 816 (3d Dep't 1992)............................................................................... 13

*Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 583 N.Y.S.2d 957 (1992).................... 6

*Spectrum International Holdings, Inc. v. Joyce International, Inc.*, 273 A.D.2d 84-5, 709 N.Y.S.2d 815 (1st Dep't 2000)................................................. 4

*The Rockefeller University v. Tishman Construction Corporation of New York*, 240 A.D.2d 341, 342, 659 N.Y.S.2d 460, 462 (1st Dep't 1997)................................ 12

*WIT Holding Corp. v. Klein*, 282 A.D.2d 527, 529, 724 N.Y.S.2d 66, 68 (2d Dep't 2001) .................................................................................................................. 13

*Weidenbenner v. Stern*, 263 A.D.2d 453, 454, 692 N.Y.S.2d 709, 711 (2d Dep't 1999) .................................................................................................................... 6

## FEDERAL STATUTES

Fed. R. Civ. P. 9 ............................................................................................................ 1, 2, 9

Fed. R. Civ. P. 12(b) ............................................................................................................. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

PACIFIC HEALTH ADVANTAGE d/b/a/
PACADVANTAGE,

                           Plaintiff,           Case No. 07 Civ. 3725 (CM)

      v.

CAPGEMINI ERNST & YOUNG,

                           Defendant.

---------------------------------------------------------------x

## CAPGEMINI'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

      Defendant Capgemini U.S. LLC ("Capgemini"), formerly known as Cap Gemini Ernst & Young U.S. LLC ("CGE&Y"), respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), to dismiss the Complaint (the "Complaint," a copy of which is annexed to the Silver Affidavit as Exhibit A) of plaintiff Pacific Health Advantage d/b/a PacAdvantage ("Plaintiff" or "PacAdvantage").[1]

### Preliminary Statement

      In this action, PacAdvantage claims that Capgemini failed to provide adequate software implementation services under the agreement between the parties dated on or about December 19, 2002 (the "Agreement", a copy of which is annexed to the Silver Affidavit as Exhibit B). PacAdvantage asserts claims for breach of contract, fraud, breach of fiduciary duty and negligence. Each claim, and the Complaint as a whole, should be dismissed, for numerous reasons.

---

[1] "Silver Affidavit" or "Silver Aff." refers to the Affidavit of Gerald D. Silver, Esq., sworn to on May 31, 2007 and submitted herewith.

First, the Complaint is barred by the one year "closure", or contractual statute of limitations, provision in the Agreement (Agreement at Appendix A § XVI). PacAdvantage admits in the Complaint that it became aware of the purported deficiencies in Capgemini's services as early as November 2003. However, PacAdvantage did not commence this action until November 2006, approximately three years later. Hence, the Complaint should be dismissed for this reason alone. (See Point I, infra)

Second, the Agreement contains a limitation of liability clause barring recovery of "consequential" or "indirect" damages for any claims, whether in contract or in tort, and limiting damages to fees paid by PacAdvantage to Capgemini. Nevertheless, PacAdvantage seeks damages for all of its causes of action "based upon claims from third party providers" (Complaint pp. 5-6), which constitutes classic consequential or indirect damages as a matter of law. Further, PacAdvantage seeks damages of "at least $750,000," without regard to the fees it paid to Capgemini. Such damages are expressly barred by the Agreement. Accordingly, the Complaint should be dismissed. In the alternative, the claims should be dismissed to the extent they seek damages beyond fees paid to Capgemini. (See Point II, infra.)

Third, PacAdvantage attempts to assert a fraud claim against Capgemini. However, the allegations underlying this claim lack the particularity required by Fed. R. Civ. P. 9(b), as they fail to identify the speaker, where and when the alleged misrepresentations were made, what the misrepresentations were, and why they are fraudulent. Further, the purported misrepresentations upon which PacAdvantage apparently relies are not collateral or extraneous to the terms of the Agreement. Accordingly, the fraud claim should be dismissed. (See Point III, infra).

2

<u>Fourth</u>, PacAdvantage's breach of fiduciary duty claim should be dismissed because it fails to allege a fiduciary relationship. PacAdvantage pleads nothing more than a conventional contractual relationship. (<u>See</u> Point IV, <u>infra</u>.)

<u>Fifth</u>, PacAdvantage's negligence claim fails because it is duplicative of the contract claim, and is impermissibly nothing more than a claim for negligent performance of a contract. Such a claim is barred under New York law. (<u>See</u> Point V, <u>infra</u>.)

Statement of Facts

A.   <u>Procedural History</u>.

PacAdvantage filed its Complaint in the Superior Court of California, County of San Francisco, on November 14, 2006 (Silver Aff. Ex. A). Capgemini removed the case to Federal Court. Capgemini then moved to dismiss or alternatively transfer the action to the Southern District of New York based on the exclusive jurisdiction provision in the Agreement. On May 2, 2007, the Court granted Capgemini's motion and transferred the case to this Court.

B.   <u>The Complaint</u>.

According to the allegations of the Complaint,[2] PacAdvantage and Capgemini entered into the Agreement on or about December 19, 2002. PacAdvantage alleges that, pursuant to that Agreement, Capgemini "was to provide software implementation services" to PacAdvantage (Complaint p. 3). PacAdvantage alleges that Capgemini represented in the

---

[2]   Solely for purposes of this motion to dismiss, Capgemini treats the factual allegations of the Complaint as true, although bare legal conclusions are not entitled to such consideration. <u>See</u> <u>Desiano v. Warner-Lambert Co.</u>, 326 F.3d 339, 347 (2d Cir. 2003); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). In deciding this motion to dismiss, the Court "may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings." <u>In re Rediff.com India Ltd. Securities Litigation</u>, 358 F. Supp.2d 189, 204 (S.D.N.Y. 2004) (citation omitted); <u>see also</u> <u>Rothman v. Gregor</u>, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted) ("for purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

Agreement that "it would provide software implementation management services, provide project management services, remediation and testing of the PX2 system" (Complaint p. 4). PacAdvantage alleges that Capgemini failed to provide such services (Complaint p. 4). As a result, PacAdvantage alleges it received claims from "several healthcare providers for reimbursement of expenditures which were erroneously incurred" (Complaint p. 5). PacAdvantage alleges that it learned of Capgemini's purported failure to perform in November 2003, and that it suffered damages of "at least $750,000 based on claims from third party providers" (Complaint p. 6). PacAdvantage purports to assert claims for breach of contract, fraud, breach of fiduciary duty and negligence.

<u>Argument</u>

POINT I

PLAINTIFF'S CLAIMS ARE BARRED BY
THE CONTRACTUAL STATUTE OF LIMITATIONS

"Under New York law, the parties to a contract may agree to shorten the period of limitations within which an action must be commenced." <u>Dyncorp. v. GTE Corporation,</u> 215 F. Supp. 2d 308, 316 (S.D.N.Y. 2002) ("<u>Dyncorp</u>").[3]  A 12(b)(6) motion to dismiss should be granted if it is clear from the face of the Complaint that the action was not timely filed. <u>Dyncorp</u>, 215 F. Supp. 2d at 316 (breach of contract claim was filed two months after contractual expiration date, and therefore claims dismissed); <u>Venetian Jewelers, Inc. v. The Underwriters of Naviga Belgamar</u>, 2003 WL 21018826, *1 (S.D.N.Y. May 6, 2003) (claim dismissed because insurance policy required plaintiff to sue within one year of loss); <u>Spectrum International Holdings, Inc. v. Joyce International, Inc.</u>, 273 A.D.2d 84, 84-5, 709 N.Y.S.2d 815 (1st Dep't 2000) ("[t]he subject stock purchase agreement plainly provides that to sue thereunder for breach

---

[3]  The Agreement is governed by New York law (Agreement at App. A § XVII).

4

of representation and warranty, the buyer must both give the seller notice of its claim and commence its action within one year after agreement's closing"; buyer failed to do so and action was time-barred).

In the Agreement, the "closure" provision provides that no action may be commenced more than one year after the cause of action accrued. In particular, it provides:

> XVI. <u>Closure</u>. No action, regardless of form, arising out of or in connection with this Agreement or the Services may be brought by either party more than one (1) year after the cause of action accrued.

(Agreement App. A §XVI).

As set forth in the Complaint itself, all of Plaintiff's claims arise out of or are in connection with the Agreement or the services provided thereunder. Further, in the Complaint, Plaintiff concedes that it learned back in November of 2003 of Capgemini's alleged failures to perform technology consulting services (Complaint p. 6). Plaintiff did not file this action until November 14, 2006, approximately three years after the cause of action accrued, and approximately two years after the claims expired pursuant to the closure provision in the Agreement. Hence, Plaintiff's claims should be dismissed.[4]

---

[4] PacAdvantage may argue that because it alleges in the Complaint that it "did not incur actual damages until . . . on or about August of 2006" (Complaint p. 7), the claims did not accrue until that time, and therefore the Complaint is timely. However, New York law is clear that a cause of action accrues for statute of limitations purposes at "the time of breach though no damage occurs until later." <u>Ely-Cruikshank Co., Inc. v. Bank of Montreal</u>, 81 N.Y.2d 399, 402, 599 N.Y.S.2d 501, 502 (1993).

5

POINT II

THE COMPLAINT SHOULD BE DISMISSED
BECAUSE IT SEEKS DAMAGES BARRED
BY THE LIMITATION OF LIABILITY PROVISION

Under settled New York law, a contract provision limiting the amount of a party's liability, or the types of damages for which it may be liable, "is enforceable unless the special relationship between the parties, a statute, or public policy imposes liability." Peluso v. Tauscher Cronacher Professional Engineers, P.C., 270 A.D.2d 325, 704 N.Y.S.2d 289, 290 (2d Dep't 2000) (citing Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 583 N.Y.S.2d 957 (1992)); see Atkins Nutritionals, Inc. v. Ernst & Young, LLP, 301 A.D.2d 547, 548-49, 754 N.Y.S.2d 320, 322 (2d Dep't 2003) ("Atkins"); see also Florence v. Merchants Central Alarm Company, Inc., 51 N.Y.2d 793, 795, 433 N.Y.S.2d 91, 92 (1980); Metropolitan Life Insurance Company v. Noble Lowndes International, Inc., 192 A.D.2d 83, 88-89, 600 N.Y.S.2d 212, 215 (1st Dep't 1993), aff'd, 84 N.Y.2d 430, 618 N.Y.S.2d 882 (1994) ("Metropolitan"); Weidenbenner v. Stern, 263 A.D.2d 453, 454, 692 N.Y.S.2d 709, 711 (2d Dep't 1999) ("[a]bsent a statute or public policy to the contrary, [a liability limitation] provision is enforceable") (citation omitted); Daily News, L.P. v. Rockwell International Corp., 256 A.D.2d 13, 680 N.Y.S.2d 510 (1st Dep't 1998) (giving effect to contract provision precluding consequential damages); Champion Home Builders Co. v. ADT Security Services, Inc., 179 F. Supp. 2d 16, 23 (N.D.N.Y. 2001) ("beyond dispute that exculpatory clauses and limitations on liability . . . are valid and enforceable under New York law").

Indeed, in Atkins, the court enforced a limitation of liability provision that is very similar to that at issue here. In particular, Atkins and Capgemini entered into a consulting agreement pursuant to which Capgemini was to assist in the implementation of a computer firm

accounting system for Atkins' new distribution center. Atkins alleged that there were problems with the system and asserted a breach of contract claim against Capgemini seeking, inter alia, damages in excess of the fees paid to Capgemini, i.e., consequential damages. The court dismissed Atkins' claim to the extent that it sought consequential damages, holding that "CGE&Y's contract with Atkins limited its liability to the fees paid to it, and the contract should be enforced according to its terms." Atkins, 301 A.D.2d at 549, 754 N.Y.S.2d at 322.

Similarly, in Metropolitan, the contract precluded consequential damages and limited damages to the monies paid to the other party. The New York Court of Appeals explained as follows:

> A limitation on liability provision in a contract represents the parties' Agreement on the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed, which the courts should honor . . . . Where a contract provides that damages for breach shall not be recoverable beyond a specified sum, it is obvious that the risk of loss beyond that sum is being assumed by the promisee.

Metropolitan, 84 N.Y.2d at 436, 618 N.Y.S.2d at 885 (emphasis added) (quoting 5 Corbin, Contracts, § 1068, p. 386).

In the Agreement, Capgemini and PacAdvantage expressly allocated the risk of economic loss by limiting liability as follows:

> D.    To the fullest extent permitted by applicable law, the total aggregate liability of CGE&Y, regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, under this Agreement or with respect to the Services shall be limited to the fees paid to and retained by CGE&Y under this Agreement. If CGE&Y is working on a multi-phase engagement for Client, the total aggregate liability of CGE&Y shall be limited to the fees paid to and retained by CGE&Y for that particular phase that principally gives rise to the liability .
>
> E.    In no event will Capgemini or Client be liable for consequential, incidental, indirect, punitive or special damages

7

> (including loss of profits, data, business or goodwill), <u>regardless of whether such liability is based on breach of contract, tort</u>, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

(Agreement App. A § III(D) and (E)) (emphasis added).

Thus, under the express terms of the Agreement, Capgemini may be held liable only for, at most, general damages not to exceed the fees paid to Capgemini. The Agreement bars recovery of consequential or indirect damages.

Nevertheless, PacAdvantage seeks damages of "at least $750,000 based upon claims from third party providers" (Complaint p. 6). Thus, such damages consist solely of monies allegedly due as a result of payments by PacAdvantage to third parties based on alleged failures in the software (see Complaint pp. 5-6). This constitutes consequential or indirect damages as a matter of law. <u>Schonfeld v. Hilliard</u>, 218 F.3d 164, 175-76 (2d Cir. 2000) (general damages "are measured by the difference between the contract price and the market value of the goods at the time of breach," while "special" or "consequential" damages "seek to compensate a plaintiff for additional losses (other than the value of the promised performance)"; <u>Roneker v. Kenworth Truck Company</u>, 977 F. Supp. 237, 240 (W.D.N.Y. 1997) ("consequential damages do not arise within the scope of the immediate buyer-seller transaction, but rather stem from losses incurred by the non-breaching party in its dealings, <u>often with third parties</u>") (emphasis added). Therefore, the Complaint should be dismissed. At the very least, damages should be limited to fees paid to Capgemini under the Agreement.

POINT III

PACADVANTAGE'S FRAUD CLAIM LACKS
PARTICULARITY AND IS MERELY A CLAIM THAT
CAPGEMINI FAILED TO PERFORM ITS CONTRACTUAL OBLIGATIONS

Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) ("Wynn") (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76 (1996)). In addition, in any action based upon fraud, "the circumstances constituting fraud . . . shall be stated with particularity". Fed. R. Civ. P. 9(b). Moreover, a party alleging fraud arising out of a contract dispute, as PacAdvantage purports to do here, must further allege: "(1) a legal duty separate and apart from the contractual duty to perform; (2) a fraudulent representation collateral or extraneous to the contract; or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." Bell Sports, Inc. v. System Software Associates, Inc., 45 F. Supp. 2d, 220, 227 (S.D.N.Y. 1999) ("Bell Sports") (citations omitted).

A.    PacAdvantage Fails To Plead Its Fraud Claim With Requisite Particularity.

Under Rule 9(b), the circumstances constituting fraud must be stated with particularity, meaning that such allegations must "(1) specify the statements that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 9(b). Further, one attempting to plead fraud must "provide some factual basis for conclusory

allegations of intent or knowledge". Hutton v. Klabal, 726 F. Supp. 67, 70 (S.D.N.Y. 1989) (citation omitted).

Here, PacAdvantage merely alleges that "defendant through its principals and agents" -- without naming any individual speaker -- represented that it would "provide software implementation management services, provide project management services [and] remediation testing of a PX2 System," and that Capgemini failed to do so (Complaint p. 4).[5] Thus, PacAdvantage fails to specify the precise statements made and fails to allege the speaker. Nor does PacAdvantage allege where and when the statements were made. These failures greatly inhibit Capgemini's ability to assess and defend against this claim. For these reasons alone, the fraud claim should be dismissed for a lack of particularity. See DiVittorio v. Equidyne Extractive Industries, 822 F.2d 1242, 1247 (2d Cir. 1987) (pleader must "specify the time, place, speaker and content of the alleged misrepresentations); Eastman Kodak Company v. Roopak Enter. Ltd., 202 A.D.2d 220, 222, 608 N.Y.S.2d 445, 446 (1st Dep't 1994) (when "the defendant alleged neither the time nor the place of the purported misrepresentations nor which employee of the plaintiff purportedly made them," fraud counterclaims were properly dismissed).

Further, PacAdvantage fails to allege with particularity "why the statements were fraudulent" or how Capgemini purportedly knew the subject statements were false at the time they were made, prerequisites to a fraud claim. Wynn, 273 F.3d at 156. Moreover, PacAdvantage fails to allege that why its purported reliance was reasonable, as required by law. Wynn, 273 F.3d at 156. Hence, PacAdvantage failed to allege fraud with particularity.

---

[5]  Capgemini denies these allegations.

10

B.   **The Alleged Fraudulent Misrepresentations Do Not Give Rise To A Separate And Distinct Legal Duty.**

1.   **The Only Misrepresentations Alleged Relate To A Claimed Breach of Contract.**

To the extent Capgemini did not adequately "provide software implementation management services, provide project management services, [and] remediation and testing of the PX2 System," as PacAdvantage alleges in its fraud claim (Complaint pp. 4-5), that failure (if any) amounts to nothing more than a claim for breach of contract. Indeed, these allegations are virtually identical to PacAdvantage's allegations in its breach of contract claim that Capgemini "fail[ed] to perform" the "software implementation services" (Complaint p. 3).

Under settled New York law, "[a] cause of action for fraud does not arise when the only fraud charged relates to a breach of contract. To plead a viable cause of action for fraud arising out of a contractual relationship, the plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties." Krantz v. Chateau Stores of Canada, Ltd., 256 A.D.2d 186, 187, 683 N.Y.S.2d 24, 25 (1st Dep't 1998) ("Krantz") (citations and internal quotations omitted); see MBW Advertising Network, Inc. v. Century Business Credit Corp., 173 A.D.2d 306, 569 N.Y.S.2d 682 (1st Dep't 1991) ("a cause of action for fraud will not arise if the alleged fraud merely relate[d] to the breach of contract"); Geller v. Esikoff, 165 A.D.2d 863, 865-66, 560 N.Y.S.2d 328, 331 (2d Dep't 1990) ("[t]he addition of an allegation of scienter will not transform a breach of contract action into one to recover damages for fraud") (citation omitted); see also Bell Sports, 45 F. Supp. 2d at 222 (E.D.N.Y. 1999) (in "classic breach of contract case," court granted defendants' motion for judgment on the pleadings on fraud and misrepresentation claims); Papa's June Music, Inc. v. McLean, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) (court dismissed fraud claim because "the only fraud alleged arises out of the same facts that serve as the basis for the breach of contract claim."); R.H. Damon & Company,

11

Inc. v. Softkey Software Products, Inc., 811 F. Supp. 986, 992 (S.D.N.Y. 1993) (dismissing fraud and misrepresentation claims because "the only fraud charged related to a breach of contract").

As in those cases, PacAdvantage's claim of fraud here undeniably arises out of, and relates to, the same purported breach of duty as does PacAdvantage's breach of contract claim -- namely, that Capgemini did not perform software implementation services. As such, those allegations do not support a separate claim for fraud, because, even if true, they do not reflect a breach of a separate and distinct legal duty.

2.  PacAdvantage Fails To Plead Fraud Damages That Are Distinct From Its Alleged Contract Damages.

When a party alleges the same damages under fraud and breach of contract claims, "[t]his is further evidence that the causes of action are duplicative." Krantz, 256 A.D.2d at 187, 683 N.Y.S.2d at 25; see The Rockefeller University v. Tishman Construction Corporation of New York, 240 A.D.2d 341, 342, 659 N.Y.S.2d 460, 462 (1st Dep't 1997) (dismissing fraudulent misrepresentation claim as "duplicative of [the] breach of contract cause of action" when identical damages sought). Here, PacAdvantage seeks precisely the same damages under its fraud Counterclaim as it does in its breach of contract claim, i.e., not less than $750,000. Hence, the fraud claim should be dismissed.

POINT IV

PACADVANTAGE FAILS TO STATE A
CLAIM FOR BREACH OF FIDUCIARY DUTY

PacAdvantage fails to allege any facts suggesting that Capgemini and PacAdvantage were in anything more than a conventional consultant-client relationship. It is well-settled that "a conventional business relationship does not create a fiduciary relationship." Reuben H. Donnelly Corp. v. Mark I Marketing Corp., 893 F. Supp. 285, 289 (S.D.N.Y. 1995)

(citation omitted); see Bell Sports, 45 F. Supp. 2d at 225, 229 (allegations that computer consultant had expertise for the implementation of software did not create a special relationship); Atkins, 301 A.D.2d at 548, 754 N.Y.S.2d at 322 ("[t]he lack of a special relationship distinct from and independent of the contract also precludes the second cause of action against E&Y [a computer consultant]); see also JewelAmerica Inc. v. Frontstep Solutions Group, Inc., 2002 WL 31465807 *2 (S.D.N.Y. Nov. 1, 2002) (software provider and installer were [nothing] more than arms-length parties to a contract and as such, no 'special relationship'" existed). Thus, PacAdvantage's breach of fiduciary claim must be dismissed.

Indeed, any potential claim by PacAdvantage that Capgemini had an expertise that created a fiduciary relationship would be without merit. See, e.g., Bell Sports, 45 F. Supp. 2d at 229 (allegations that computer consultant had expertise for the implementation of software did not create a fiduciary relationship); WIT Holding Corp. v. Klein, 282 A.D.2d 527, 529, 724 N.Y.S.2d 66, 68 (2d Dep't 2001) ("WIT") (under New York law, "an arms-length business relationship does not give rise to a fiduciary obligation") (citation omitted); RKB Enterprises, Inc. v. Ernst & Young, 182 A.D.2d 971, 972, 582 N.Y.S.2d 814, 816 (3d Dep't 1992) (declining to find a fiduciary relationship between computer consultant and client).

POINT V

PACADVANTAGE FAILS TO
STATE A CLAIM FOR NEGLIGENCE

PacAdvantage's claim for negligence is based upon its claim that "Defendant negligently failed to perform professional services" (Complaint p. 7). This claim is identical to its breach of contract claim and must be dismissed. Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-57 (1987) (negligence claim dismissed because "[i]t is a well-established principle that a single breach of contract is not to be

13

considered a tort unless a legal duty independent of the contract itself has been violated") (citation omitted); <u>Fluhr v. Goldscheider</u>, 264 A.D.2d 570, 571, 695 N.Y.S.2d 30 (1st Dep't 1999) ("[t]he cause of action for negligence, which alleged no more than that plaintiffs were injured by defendant's actions with respect to the alleged contract, also should have been dismissed since no cause of action exists for negligent performance of a contract") (citation omitted).

<u>Conclusion</u>

For all the foregoing reasons, Capgemini respectfully requests that the Complaint be dismissed in its entirety. In the alternative, Capgemini respectfully requests that all claims be dismissed other than the breach of contract claim, and that damages for that claim be limited to fees paid by PacAdvantage to Capgemini.

Dated: New York, New York
May 31, 2007

Respectfully submitted,

WINSTON & STRAWN LLP

By: <u>S/                              </u>
Gerald D. Silver

Attorneys for Defendant Capgemini U.S. LLC
200 Park Avenue
New York, NY 10166
(212) 294-6627

14

NY:1112879.1