UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PACIFIC HEALTH ADVANTAGE d/b/a
PACADVANTAGE,

                             Plaintiff,               Case No. 07 Civ. 3725 (CM)

      - against -


CAP GEMINI ERNST & YOUNG,
                             Defendant.
-----------------------------------------------------------------X


**PLAINTIFF PACIFIC HEALTH ADVANTAGE'S OPPOSITION TO**
**DEFENDANT CAPGEMINI'S MOTION TO DISMISS THE COMPLAINT**


MARIN GOODMAN, LLP
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 661-1151

## PLAINTIFF PACIFIC HEALTH ADVANTAGE'S OPPOSITION TO DEFENDANT CAPGEMINI'S MOTION TO DISMISS THE COMPLAINT

Plaintiff Pacific Health Advantage d/b/a/ PacAdvantage ("Plaintiff or PacAdvantage") respectfully submits this Opposition to Defendant CapGemini Ernst & Young's ("Defendant" or "Capgemini") motion to dismiss the complaint.

### Preliminary Statement

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim, a court is obliged to construe the allegations of the complaint in the light most favorable to the plaintiff and will give them every possible favorable inference. See Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) cert. denied 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994) (court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor"); Andre Strishak & Assoc, P.C. v. Hewlett Packard Co, 300 A.D.2d 608, 752 N.Y.S.2d 400 (2d Dep't 2002). A complaint must not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Here, the allegations in PacAdvanatge's complaint (the "Complaint"), when taken as true -- as they must be -- state a claim upon which relief can be granted, and, as a result, are sufficient to defeat the Rule 12 (b)(6) motion to dismiss. Accordingly, Defendant's motion to dismiss should be denied.

Statement of Facts

For purposes of this Opposition, PacAdvantage refers the Court to the statement of facts in Capgemini's memorandum of law in support of its motion to dismiss, and to the Complaint, which is attached as Exhibit A to the Affidavit of Gerald D. Silver, Esq. submitted by Capgemini.

Argument

POINT I

A RULING ON THE SUIT
LIMITATION ISSUE IS PREMATURE AT THIS TIME

The contractual suit limitation issue is not yet ripe for adjudication on Capgemini's motion to dismiss. PacAdvantage's realization in November of 2003 that the system was not working properly does not inexorably lead to the conclusion that the claim accrued for limitations purposes in November of 2003. Manifestation of the first signs of a problem is not equivalent to breach of contract, and the exact timing of the accrual of the claim remains to be established.

Fact questions regarding when the claim accrued for limitations purposes must be resolved. See Maple Medical Acupuncture, P.C. v. Motor Vehicle Acc. Indemnification, 15 Misc.3d 1124(A), 2007 WL 1176521 (Table) (N.Y.Dist.Ct.2007) (motion to dismiss based on running of statute of limitations denied because not enough information provided to the court to determine when cause of action accrued). The system and processes involved here are technically complex, involving complicated software "patches" for thousands of "bugs." Experts will be required to explain the data migration, mapping, reconciliation and extraction involved in the project.

Additionally, the introduction of evidence can establish that the statute of limitation was tolled. Specifically, a court can preclude a defendant from asserting the statute of limitations defense either when: 1) the defendant intentionally conceals from the plaintiff a cause of action until after the statute of limitations has expired, or 2) induces a plaintiff who knows of the existence of a cause of action to refrain from commencing the action within the statute of limitations period. Simcuski v. Saeli, 44 N.Y.2d 442, 448-449, 406 N.Y.S.2d 259, 377 N.E.2d 713 (NY 1978); Goyea v. Town of Bangor, 144 A.D.2d 886, 535 N.Y.S.2d 205 (3d Dep't 1988); Robinson v. City of New York, 24 A.D.2d 260, 263, 265 N.Y.S.2d 566, 570 (1st Dep't 1965). For example, in Fritzhand v. Discover Financial Services, Inc., 9 Misc. 3d 650, 800 N.Y.S.2d 316 (NY Sup. 2005), the plaintiff, an alleged victim of identity theft, sued the defendant credit card company for failure to resolve the situation in which plaintiff was reported to credit reporting agencies as having an outstanding debt. The defendant argued that the statute of limitations had run on plaintiff's claim. The court ruled that genuine issues of material fact existed as to whether defendant lulled plaintiff into a false sense of security by their silence after they were notified of the error in their records. Id.

"[C]oncealment without actual misrepresentation may form the basis for invocation of the doctrine. Zoe G. v. Frederick F.G. 208 A.D.2d 675, 617 N.Y.S.2d 370 (2nd Dep't.1994); Jordan v. Ford Motor Co., 73 A.D.2d 422, 424, 426 N.Y.S.2d 359 (1980). Here, the Complaint specifically alleges that Defendant "failed to and <u>did not disclose</u> its failure to properly implement management, remediation and testing of the PC2 system." See Complaint at 6. (Emphasis added). When taken as true, this

allegation possibly will toll the contractual limitation period, because Defendant's failures to timely disclose its failures may well have lengthened the time it took for PacAdvanatge to realize that it had a claim. This, too, is a highly fact-intensive question, which PacAdvanatge is entitled to support with evidence.

Accordingly, dismissing this action on limitations grounds at this point is premature, because there are not enough facts in the record yet to establish a) when the claim accrued, and/or b) whether the limitations period was tolled by Capgemini's actions.

## POINT II

### A RULING ON THE ENFORCEABILITY OF THE LIMITATION OF LIABILITY PROVISION IS PREMATURE AT THIS TIME

A limitation of liability provision in a contract is not enforceable where damages arose from willful acts or gross negligence in the performance of contractual duties. See Sear-Brown Group v. Jay Bldrs., 244 A.D.2d 966, 967, 665 N.Y.S.2d 162 (4th Dep't 1997). Although Defendant cites cases in which courts upheld limitation of liability provisions, in none of those cases was that determination made at the motion to dismiss stage. In all of those cases, the plaintiff had an opportunity to submit evidence regarding whether the damage arose out of willful acts and/or gross negligence.

PacAdvanatge is entitled to the opportunity to find and present proof establishing the requisite tortious conduct necessary to vitiate the limitation of liability provision. The facts essential to establishing this degree of negligence may exist, but they cannot be stated without first conducting discovery of the implementation, remediation and testing of a complicated system. See e.g., Sovik v. Healing Network, 244 A.D.2d 985, 986, 665

N.Y.S.2d 997 (4th Dep't 1997) (facts essential to justify opposition may exist but cannot be stated without conducting discovery). Accordingly, the Court should deny Plaintiff's motion because a ruling on the enforceability of the limitation of liability provision at this time is premature.

## POINT III

### PACADAVANTAGE'S FRAUD CLAIM POSSESSES THE REQUISITE PARTICULARITY

For the purposes of a Rule 9(b) motion, a court must "read the complaint generously, and draw all inferences in favor of the pleader." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989). The Complaint alleges that 1) commencing on or about December 19, 2002, principals and agents of Capgemini promised that Capgemini would provide software implementation management services, project management services, remediation and testing of the PX2 system, 2) that it failed to do this, 3) that it failed to disclose this failure to PacAdvanatage, and 4) that damage resulted. These allegations are sufficient to give Capgemini fair notice of the nature of the fraud claim and to formulate a defense. See e.g. Hirsch v. Columbia University, College of Physicians and Surgeons, 293 F.Supp.2d 372 (S.D.N.Y.2003).

## POINT IV

### THE COMPLAINT STATES A CLAIM FOR BREACH OF FIDUCIARY DUTY

Fiduciary duties may arise out of a contractual relationship that is independent of the contract itself. See Bank of Am. Corp., 385 F.Supp.2d at 224, 2005 WL 19274 at *16.

For instance, "[i]f a contract establishes a relationship of trust and confidence between the parties, ...then a fiduciary duty arises from the contract which is independent of the contractual obligation." GLM Corp. v. Klein, 665 F.Supp. 283, 286 (S.D.N.Y.1987).

Here, the Complaint alleges that "PacAdvanatage relied upon defendant and defendant's expertise in this relationship for implementation of the software management of PX2 including testing thereof." Complaint at 6. This allegation, when taken as true -- which it must be for purposes of this motion -- establishes a fiduciary relationship. In determining whether a fiduciary relationship exists, "New York courts conduct a fact-specific inquiry into whether a party reposed confidence in another and reasonably relied on the other's superior expertise or knowledge." Facella v. Fed'n of Jewish Philanthropies of New York, Inc., No. 98 Civ. 3146, 2004 WL 1700616, at *6 (S.D.N.Y. July 30, 2004) (emphasis added) (citing United States v. Chestman, 947 F.2d 551, 568 (2d Cir.1991). See also Wiener v. Lazard Freres & Co., 241 A.D.2d 114, 122, 672 N.Y.S.2d 8 (1st Dep't 1998) (noting that whether a fiduciary duty exists "is necessarily fact-specific to the particular case"). PacAdvanatge is alleging that it relied upon Capgemini's superior expertise and knowledge, an allegation which -- when taken in the light most favorable to PacAdvantage -- establishes fiduciary relationship. As a result, the Complaint states a claim for breach of fiduciary duty. At the very least, a fact-specific inquiry is required, rendering the motion to dismiss premature.

POINT V

A RULING ON WHETHER A NEGLIGENCE
CLAIM EXISTS IS PREMATURE AT THIS TIME

A breach of contract action may also sound in tort if a legal duty independent of

the contract itself has been violated. See Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-57 (1987). It is still too premature for this Court to discern whether PacAdvantage will be able to carry the burden of showing that there existed a relationship of trust and confidence between Capgemini and PacAdvanatage sufficient to create an independent tort duty of care.

In New York v. Bettigole, 57 A.D.2d 797, 394 N.Y.S.2d 642 (1st Dep't 1976), the court addressed a situation where a defendant moved to dismiss certain tort claims on the basis that its liability, if any, was for breach of contract only. Preliminarily, the court noted that the improper performance of work under a contract could sometimes be actionable in tort. Rather than make a decision on the pleadings alone, however, the court decided to permit the action to continue so that a determination on whether there existed a tort cause of action could be made on a more complete factual record. The court reasoned that:

> [W]hichever way this motion is decided, all parties will still be in the case and the entire case will still have to be gone into. In those circumstances, it is better that the adjudication of the rights of the parties be made on a consideration of the underlying facts rather than on the insufficiency of the pleadings.

Id. at 797, 394 N.Y.S.2d at 643. Similarly, here, at a minimum, a decision on whether there exists a cause of action sounding in negligence should be deferred to a time when the facts of this case have been more completely threshed out.

## Conclusion

The allegations in the Complaint, when taken as true -- as they must be -- state a

claim upon which relief can be granted, and, as a result, are sufficient to defeat the Rule 12 (b)(6) motion to dismiss. Accordingly, PacAdvantage's Complaint should not be dismissed and Defendant's motion to dismiss should be denied.

Dated: New York, New York
       July 31, 2007

Respectfully submitted,

s/ Robert L. Kraselnik

Robert L. Kraselnik (RK-0684)
MARIN GOODMAN, LLP
*Attorneys for Plaintiff,*
40 Wall Street, 57th Floor
New York, New York 10005
(212) 661-1151