UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────── x
PACIFIC HEALTH ADVANTAGE d/b/a     :
PACADVANTAGE,                      :    Case No. 07 Civ. 3725 (CM)
                                   :
                Plaintiff,         :
                                   :
        v.                         :
                                   :
CAP GEMINI ERNST & YOUNG,          :
                                   :
                Defendant.         :
─────────────────────────────── x


## CAPGEMINI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166
(212) 294-6700 (T)
(212) 294-4700 (F)

TABLE OF CONTENTS

Page

Statement in Reply ................................................................................................................. 1

Argument ................................................................................................................................ 2

POINT I     ENFORCEMENT OF THE CLOSURE
            PROVISION IS NOT "PREMATURE" ................................................................. 2

POINT II    ENFORCEMENT OF THE LIMITATION
            OF LIABILITY PROVISION IS NOT "PREMATURE" ........................................ 4

POINT III   THE FRAUD CLAIM
            SHOULD BE DISMISSED ..................................................................................... 6

POINT IV    THE FIDUCIARY DUTY
            CLAIM SHOULD BE DISMISSED ....................................................................... 7

POINT V     DISMISSAL OF THE
            NEGLIGENCE CLAIM IS NOT PREMATURE .................................................... 7

Conclusion ............................................................................................................................... 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989) .................................................................. 6

*Facella v. Federation of Jewish Philanthropies of New York, Inc.*, 2004 WL 17000616 (S.D.N.Y. July 30, 2004) ........................................................................ 7

*Hirsch v. Columbia University*, 293 F.Supp.2d 372 (S.D.N.Y. 2003) .............................. 6

*Industrial Risk Insurers v. The Port Authority of New York and New Jersey*, 387 F.Supp. 299 (S.D.N.Y. 2005) ................................................................................. 5

*King v. American Broadcasting Companies, Inc.*, 1998 WL 665141 (S.D.N.Y. September 28, 1998) ................................................................................................. 2

*Rosenblatt v. Christie Manson & Woods Ltd.,* 2005 WL 264902 (S.D.N.Y. October 14, 2005), aff'd, 195 Fed. Appx. 11 (2d Cir. 2006) ....................................... 3

### STATE CASES

*Atkins Nutritionals, Inc. v. Ernst & Young, LLP,* 301 A.D.2d 547, 549, 754 N.Y.S.2d 320, 322 (2d Dep't 2003) ............................................................................ 4

*Clark-Fitzpatrick, Inc. v. Long Island Railroad Company*, 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987) ........................................................................................ 6, 7, 8

*Colnaghi U.S.A. Ltd. v. Jewelers Protection Services*, 81 N.Y.2d 821, 592 N.Y.S.2d 381 (1993) ................................................................................................. 5

*Ely-Cruikshank Co., Inc. v. Bank of Montreal*, 81 N.Y.2d 399, 599 N.Y.S.2d 501 (1993) ....................................................................................................................... 3

*Maple Medical Acupuncture, P.C. v. Motor Vehicle Accident Indemnification Corporation,* 15 Misc. 3d 1124, 2007 WL 1176521 (N.Y. Dist. Ct. Nass. 2007) ....................................................................................................................... 3

*New York v. Battagole*, 57 A.D.2d 797, 394 N.Y.S.3d 642 (1st Dep't 1976) ................... 8

*Sovik v. Healing Network*, 244 A.D.2d 985, 987, 665 N.Y.S.2d 997 (4th Dep't 1997) ....................................................................................................................... 5

### FEDERAL STATUTES

Fed. R. Civ. P. 9 .................................................................................................................. 1
Fed. R. Civ. P. 12(b) .......................................................................................................... 1

ii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────── x
PACIFIC HEALTH ADVANTAGE d/b/a/  :
PACADVANTAGE,                    :
                Plaintiff, :   Case No. 07 Civ. 3725 (CM)
                                 :
      v.                         :
                                 :
CAPGEMINI ERNST & YOUNG,         :
                                 :
                Defendant. :
───────────────────────────────── x

### CAPGEMINI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Capgemini respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), to dismiss the Complaint of plaintiff PacAdvantage.[1]

### Statement in Reply

In its Opposition Brief, PacAdvantage barely mentions, and does not attempt to rebut, the cases and/or caselaw cited in Capgemini's Moving Brief. Instead, PacAdvantage argues that Rule 12(b)(6) and/or Rule 9(b) dismissal would be "premature" because of what hypothetically may be learned in discovery.

PacAdvantage puts the cart before the horse. Under such Rules, PacAdvantage must first plead "a claim upon which relief can be granted" and aver purported fraud "with particularity" for this case to proceed. PacAdvantage's discussion of hypothetical scenarios that

---

[1] For purposes of brevity, abbreviations used in Capgemini's Memorandum of Law In Support of Its Motion to Dismiss the Complaint, dated May 31, 2007 ("Moving Brief" or "Moving Br."), are used herein. "Opposition Brief" or "Opp. Br." refers to PacAdvantage's Opposition to Defendant Capgemini's Motion to Dismiss the Complaint, dated July 31, 2007.

discovery might "possibly" reveal are not legally sufficient to withstand a motion to dismiss and, in any event, are not included in any of the allegations in the Complaint.  See, e.g., King v. American Broadcasting Companies, Inc., 1998 WL 665141, *4 (S.D.N.Y. September 28, 1998) (when "complaint does not allege a legally sufficient cause of action", courts should "decline[] to hold the action open in order to permit discovery for the purpose of allowing [plaintiff] to determine if he might be able to allege a valid cause of action").  Accordingly, for these and other reasons, the Complaint should be dismissed.

Argument

POINT I

ENFORCEMENT OF THE CLOSURE<br>PROVISION IS NOT "PREMATURE"

PacAdvantage does not dispute that the one year contractual statute of limitations, or "closure" provision, at § XVI of the Agreement, is fully enforceable.  Instead, it argues that the issue "is not yet ripe for adjudication" (Opp. Br. 3).  This argument fails.

First, PacAdvantage argues, contrary to the express allegations in its Complaint, that its claims did not accrue in November 2003 because "[m]anifestion of the first signs of a problem is not equivalent to breach of contract" (Opp. Br. 3).  Even if this were true, PacAdvantage does not plead that it only became aware of the "first signs" of the alleged problem in November 2003 -- it alleges that it became aware of the alleged breaches in total:

> It was not until November of 2003 and thereafter that PacAdvantage learned of defendant CAP GEMINI'S failure to properly implement the PX2 System, testing and remediation for which it was retained . . . .

(Complaint p. 6).  The alleged failures set forth above form the basis for all of PacAdvantage's claims.  Hence, PacAdvantage expressly alleges that it knew of the facts underpinning its claims in this action in November 2003.

2

In any event, "the statute begins to run at the time of the breach, regardless of whether plaintiff is aware of the breach at that time." Rosenblatt v. Christie Manson & Woods Ltd., 2005 WL 2649027, * 11 (S.D.N.Y. October 14, 2005), aff'd., 195 Fed. Appx. 11 (2d Cir. 2006) (date of discovery of breach is irrelevant); see Ely-Cruikshank Co., Inc. v. Bank of Montreal, 81 N.Y.2d 399, 599 N.Y.S.2d 501, 502 (1993) (New York law is clear that a cause of action accrues "from the time of the breach though no damages occurs until later"). As PacAdvantage alleges that a breach occurred in November 2003, whether or not it may have learned thereafter of additional facts is simply irrelevant.

The case PacAdvantage relies upon for the proposition that there may be fact questions as to when a claim accrues, Maple Medical Acupuncture, P.C. v. Motor Vehicle Accident Indemnification Corporation, 15 Misc. 3d 1124, 2007 WL 1176521 (N.Y. Dist. Ct. Nass. 2007) ("Maple"), has no application herein. In that case, the court noted that "neither party has provided the court with the necessary information to determine when, if at all, the Plaintiff's cause of action accrued." Maple, 15 Misc. 3d 1124(A), 2007 WL 1176521 at *8. Here, in contrast, PacAdvantage specifically states that Capgemini breached, and PacAdvantage became aware thereof, in November 2003.

Further, PacAdvantage's contentions that a statute of limitations may be tolled by intentional concealment of wrongdoing, or fraudulent inducement to not file a claim, do not apply herein. PacAdvantage does not allege any facts indicating intentional concealment or inducement not to file. Its allegation that Capgemini "did not disclose" does not constitute an allegation of concealment, and is vague and conclusory, and therefore legally insufficient (see Point III, infra; Mov. Br. 9). In any event, as set forth above, PacAdvantage concedes that it

3

knew about a claim in November 2003. It had a year thereafter to file an action, and therefore was not a victim of any concealment or fraudulent inducement.

POINT II

ENFORCEMENT OF THE LIMITATION
OF LIABILITY PROVISION IS NOT "PREMATURE"

PacAdvantage does not dispute that the limitation of liability provision in the Agreement at §§ III (D-E), which prohibits recovery of consequential damages, is enforceable as against claims of breach of contract, ordinary negligence, fraud and breach of fiduciary duty, which are the claims asserted herein. Nor does it dispute that, as set forth in the Capgemini's Moving Brief at p. 8, PacAdvantage is seeking solely consequential damages in this action, the recovery of which is barred by that provision.

Instead, it argues that the limitation of liability provision is not enforceable against claims of "willful acts or gross negligence", and therefore discovery should be allowed to see if facts might be discovered to indicate that Capgemini acted in this fashion. This argument should be rejected.

As an initial matter, PacAdvantage's statement that "in none of the cases [cited by Capgemini] was that determination [regarding the limitation of liability provision] made at the motion to dismiss stage" (Opp. Br. 5) is untrue. For example, in the Atkins case relied upon by Capgemini, the court did in fact dismiss claims seeking consequential damages on a motion to dismiss. Atkins Nutritionals, Inc. v. Ernst & Young, LLP, 301 A.D.2d 547, 549, 754 N.Y.S.2d 320, 322 (2d Dep't 2003; Mov. Br. 6-7).

Moreover, the Sovik case relied upon by PacAdvantage in seeking discovery (Opp. Br. 5-6) is irrelevant here, because in that case discovery was sought on jurisdiction, not on the merits, and in that case the court found that plaintiff made a "sufficient start" in

4

demonstrating facts necessary to establish a jurisdictional claim.  Sovik v. Healing Network, 244 A.D.2d 985, 987, 665 N.Y.S.2d 997 (4th Dep't 1997).  Here, in contrast, PacAdvantage does not state a claim.

Moreover, PacAdvantage does not allege, or attempt to allege, willful acts or gross negligence, even in conclusory fashion.  Indeed, it explicitly alleges "general negligence" (Complaint p. 7).  Further, such willful acts or gross negligence "differs in kind, not only in degree, from claims of ordinary negligence", and one must allege facts demonstrating a "reckless disregard" that "smacks of intentional wrongdoing" to overcome a limitation of liability provision.  Industrial Risk Insurers v. The Port Authority of New York and New Jersey, 387 F. Supp. 299, 306-307 (S.D.N.Y. 2005) ("Industrial Risk"), aff'd in part and remanded in part on other grounds, 2007 WL 2007669 (2d Cir. July 12, 2007) (quoting Colnaghi U.S.A. Ltd. v. Jewelers Protection Services, 81 N.Y.2d 821, 592 N.Y.S.2d 381 (1993)) (dismissing gross negligence allegation on Rule 12(b)(6) motion to dismiss on a limitation of liability issue).  Conclusory allegations of gross negligence will not suffice to withstand dismissal on the pleadings and obtain discovery.  Industrial Risk, 387 F. Supp. at 307.  This is because parties are entitled rely on limitation of liability provisions, and "[i]f a party needs only to add gross negligence as a theory of liability to force litigation to proceed through discovery and a trial, contracting parties would be stripped of the substantial benefit of their bargain, that is, avoiding the expense of lengthy litigation".  Id.

In any event, as set forth in Capgemini's Moving Brief at pp. 13-14 and not disputed by PacAdvantage, its negligence claim arises out of the same facts and circumstances as its breach of contract claim.  "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been

5

violated". Clark-Fitzpatrick, Inc. v. Long Island Railroad Company, 70 N.Y. 2d 382, 389, 521 N.Y.S.2d 653, 656 (1987) ("Clark-Fitzpatrick"). PacAdvantage does not plead any legal duty independent of the contract and therefore cannot plead a tort as a matter of law, let alone one sufficient to overcome the limitation of liability provision. Clark-Fitzpatrick, 70 N.Y.2d at 389-90, 521 N.Y.S.2d at 657 ("[m]erely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim").

POINT III

THE FRAUD CLAIM
SHOULD BE DISMISSED

PacAdvantage does not dispute that, as set forth in Capgemini's Moving Brief, PacAdvantage's fraud claim arises out of the same underlying facts and events as its breach of contract claim, and is therefore unsustainable for this reason alone (Moving Br. 9-12).

Further, PacAdvantage fails to plead fraud with particularity. The cases relied upon by PacAdvantage at p. 6 of its brief, like those relied upon by Capgemini (Moving Br. 9-10), hold that Rule 9(b) requires a party attempting to plead fraud to "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state _when_ and _where_ the statements were made and _identify those responsible for the statements_." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) (emphasis added); see Hirsch v. Columbia University, 293 F. Supp. 2d 372, 380 (S.D.N.Y. 2003) (same). PacAdvantage does not dispute that, at the very least, it fails to specify the statements, where and when they were made, or the identity of the speaker.

6

POINT IV

THE FIDUCIARY DUTY
CLAIM SHOULD BE DISMISSED

As set forth in the primary case relied upon by PacAdvantage on its fiduciary duty claim, <u>Facella v. Federation of Jewish Philanthropies of New York, Inc.</u>, 2004 WL 17000616, *6 (S.D.N.Y. July 30, 2004) ("<u>Facella</u>") (Opp. Br. 7), "[a] cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand". <u>Id.</u> (internal quotation omitted). Like in <u>Facella</u>, PacAdvantage does not even attempt to distinguish its breach of fiduciary duty claim from its contract claim (Complaint p. 6) and therefore, like in <u>Facella</u>, the claim should be dismissed. <u>Id.</u>

Further, PacAdvantage does not even address, let alone rebut, the cases cited in Capgemini's brief demonstrating that mere "expertise" alone does not establish a fiduciary relationship (Mov. Br. 12-13). As purported "expertise" is all that PacAdvantage relies upon in an attempt to allege a fiduciary relationship (Opp. Br. 7), this claim should be dismissed.

POINT V

DISMISSAL OF THE
NEGLIGENCE CLAIM IS NOT PREMATURE

PacAdvantage does not dispute that it fails to allege a legal duty independent of the contract that has been violated, a prerequisite to a negligence claim arising in a contractual context. <u>Clark-Fitzpatrick</u>, 70 N.Y.2d at 390, 521 N.Y.S.2d at 657. Instead, PacAdvantage merely asks for discovery so it can attempt to find facts that may support a claim. This is insufficient; if plaintiff cannot allege such an independent duty at the pleading stage, its

7

negligence claim should be dismissed. Id.[2]

## Conclusion

For all the foregoing reasons, as well as those set forth in its Moving Brief, Capgemini respectfully requests that the Complaint be dismissed in its entirety. In the alternative, Capgemini respectfully requests that all claims be dismissed other than the breach of contract claim, and that damages for that claim be limited to fees paid by PacAdvantage to Capgemini.

Dated: New York, New York
       August 13, 2007

        Respectfully submitted,

        WINSTON & STRAWN LLP

        By: S/Gerald D. Silver
            Gerald D. Silver

        Attorneys for Defendant Capgemini U.S. LLC
        200 Park Avenue
        New York, NY 10166
        (212) 294-6627

---

[2] The case relied upon by PacAdvantage in an attempt to support its contention that discovery should proceed to give PacAdvantage an opportunity to explore its negligence claim, New York v. Battagole, 57 A.D.2d 797, 394 N.Y.S.3d 642 (1st Dep't 1976) (Opp. Br. 8), was decided eleven years before Clark-Fitzpatrick and therefore without the benefits of its holdings. In any event, that case merely states that a negligence claim may exist in a contractual context under "some circumstances", i.e., breach of a legal duty separate and apart from the contract, which does not exist here.