USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

PACIFIC HEALTH ADVANTAGE d/b/a                 07-CV-3725 (CM)
PACADVANTAGE,

        Plaintiff,

    -against-

CAP GEMINI ERNST & YOUNG,

        Defendant.

————————————————————————x

## DECISION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

Plaintiff Pacific Health Advantage ("PacAdvantage") brings this suit against defendant Cap Gemini Ernst & Young ("Cap Gemini") for damages resulting from Cap Gemini's alleged failure to provide adequate software implementation services pursuant to the parties' December 19, 2002 contract (the "Agreement"). The Complaint asserts four causes of action for breach of contract, fraud, breach of fiduciary duty and negligence.

Before this court is Cap Gemini's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. Cap Gemini argues, *inter alia*, that plaintiff filed the Complaint approximately three years after discovery of the alleged misconduct, and the Complaint is therefore barred by the Agreement's one-year closure provision.

For the reasons stated below, Cap Gemini's motion is granted.

## I. Background

The following well-pleaded facts are presumed true.

Plaintiff PacAdvantage is a health insurance provider for small businesses, located in California. Defendant Cap Gemini is an information technology consultant, located in New York. Pursuant to the parties' December 19, 2002 Agreement, Cap Gemini was required to "provide software implementation management services, provide project management services, remediation and testing of the PX2 System [a software application that supports insurance providers' enrollment, billing, and sales functions]." (Compl. at 4.) In exchange for these services, PacAdvantage paid compensation to Cap Gemini according to the Agreement's rate schedule. (See Agreement at 4.)

The Agreement also contained a "Closure" clause that provides, "No action, regardless of form, arising out of or in connection with this Agreement . . . may be brought by either party more than one (1) year after the cause of action accrued . . . ." (Id. at A-7.)

PacAdvantage alleges that Cap Gemini "breached the . . . contract . . . by failing to provide the services required." (Compl. at 3; see also id. at 4, 6-7.) In addition to breaching the contract, PacAdvantage alleges that Cap Gemini "failed to disclose" that it had not provided the promised services. (Id. at 4; see also id. at 6-7.) As a result of Cap Gemini's alleged misconduct, PacAdvantage asserts that it has been damaged in an amount not less than $750,000. (Id. at 3.) At least a portion of these damages allegedly stem from "claims from several healthcare providers for reimbursement of expenditures which were erroneously incurred due to defendant's" misconduct. (Id. at 5.) PacAdvantage alleges that it did not incur these damages until August 2006.

PacAdvantage further alleges that it "learned of defendant Cap Gemini's failure to properly implement the PX2 System, testing and remediation," in "November 2003." (Id. at 6.)

Notwithstanding this date of discovery and the Agreement's closure provision, PacAdvantage did not file the instant lawsuit until November 14, 2006. Defendant removed the case from San Francisco County Superior Court to the Northern District of California on March 19, 2007. On May 2, 2007, the Northern District of California granted defendant's motion to transfer the case to this court based on the Agreement's exclusive jurisdiction provision. Defendant Cap Gemini filed the instant motion on May 31, 2007.

## II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). The court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts

to state a claim to relief that is plausible on its face." Id. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

In deciding a motion to dismiss, this court may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000); San Leandro Emerg. Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir. 1996).

### III. Discussion

Defendant Cap Gemini argues that this court must dismiss PacAdvantage's Complaint because the Complaint is barred by the Agreement's one-year closure provision. Specifically, Cap Gemini contends that PacAdvantage alleges that it became aware of defendant's misconduct in November 2003, but did not file its Complaint until November 2006, and the Complaint is therefore untimely.

Cap Gemini is correct. Under New York law, "the parties to a contract may agree to shorten the period of limitations within which an action must be commenced." DynCorp v. GTE Corp., 215 F. Supp. 2d 308, 316 (S.D.N.Y. 2002); see also Incorporated Village of Saltaire v. Zagata, 720 N.Y.S.2d 200 (2d Dep't 2001). Both state and federal courts have routinely upheld such provisions and dismissed complaints not filed within the agreed upon limitations period. See, e.g., Venetian Jewelers, Inc. v. Underwriters of Naviga Belgamar, No. 02-CV-4627, 2003 WL 21018826, at *1 (S.D.N.Y. May 5, 2003); Spectrum Int'l Holdings, Inc. v. Joyce Int'l, Inc., 709 N.Y.S.2d 815, 815 (1st Dep't 2000). "Although a defendant may raise the affirmative

4

defense that the plaintiff's claim is time-barred on a 12(b)(6) motion to dismiss, a court may grant such a motion only if it is clear from the face of the complaint that the action was not timely-filed." DynCorp, 215 F. Supp. 2d at 316; see also Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

Here, the parties' Agreement contains a closure provision that provides, "No action, regardless of form, arising out of or in connection with this Agreement . . . may be brought by either party more than one (1) year after the cause of action accrued . . . ." (Agreement at A-7.) PacAdvantage's Complaint alleges, "It was not until November of 2003 and thereafter that PacAdvantage learned of Cap Gemini's failure to properly implement the PX2 System, testing and remediation for which it was retained and upon which PacAdvantage relied on defendant to perform."[1] (Compl. at 6.) Yet PacAdvantage did not file its Complaint until November 14, 2006, approximately three years after discovering that Cap Gemini had breached the Agreement. Moreover, all four causes of action asserted by PacAdvantage - breach of contract, fraud, breach of fiduciary duty, and negligence – stem from Cap Gemini's alleged failure to fulfill its contractual duties and thus "aris[e] out of" the parties' Agreement. Given these irrefutable facts, the Agreement's closure provision would manifestly appear to foreclose the Complaint.

Plaintiff, however, urges that the limitations issue is not yet ripe for adjudication because "the exact timing of the accrual of the claim remains to be established." (Pl.'s Opp. Br. at 3.) In

---

[1] The last page of the Complaint alleges that plaintiff did not discover Cap Gemini's negligence until August 2006. (Compl. at 7.) However, plaintiff's opposition papers do not cite this conflicting August 2006 date as evidence that plaintiff filed its Complaint within the required closure period; rather, plaintiff's brief reiterates that plaintiff discovered its computer "system was not working properly" in November 2003. (See Pl.'s Opp. Br. at 3.) Accordingly, the court accepts November 2003 as the latest date by which plaintiff became aware that Cap Gemini had failed to fulfill its contractual duties.

support of this argument, plaintiff's opposition brief reframes November 2003 not as the date that plaintiff "learned of . . . Cap Gemini's failure" to fulfil its contractual duties – as the Complaint alleges - but as the date plaintiff realized its "system was not working properly." (Pl.'s Opp. Br. at 3.)  Plaintiff contends that this mere "realization . . . does not inexorably lead to the conclusion that the claim accrued for limitations purposes in November of 2003." (Id.)

But regardless of whether PacAdvantage learned of Cap Gemini's breach in November 2003, or simply recognized that its computer system was faulty at that time, it is evident that Cap Gemini's alleged failure to properly implement the PX2 System occurred by November 2003 at the latest.  And New York law is quite clear that "a breach of contract cause of action accrues at the time of the breach." Ely-Cruikshank Co., Inc. v. Bank of Montreal, 81 N.Y.2d 399, 402 (N.Y. 1993); see also T & N PLC v. Fred S. James & Co., 29 F.3d 57, 60 (2d Cir. 1994) ("neither knowledge of the breach nor cognizable damages are required" for a breach of contract claim to accrue).  PacAdvantage's causes of action for fraud, breach of fiduciary duty, and negligence also accrued  at the latest - in November 2003. See Town of Poughkeepsie v. Espie, No. 05-CV-1187, 2007 WL 1775358, at *3 (2d Dep't June 19, 2007) ("A cause of action alleging fraud accrues at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence."); In re Piccillo, 797 N.Y.S.2d 236, 237 (4th Dep't 2005) ("a cause of action for breach of fiduciary duty . . . accrue[s] at the time of the alleged wrongful conduct"); Fritzhand v. Discover Fin. Servs., Inc., 800 N.Y.S.2d 316, 654 (N.Y. Sup. Ct. 2005) ("A cause of action accrues when acts or omissions constituting negligence produce an injury").

PacAdvantage's reliance on Maple Med. Acupuncture, P.C. v. Motor Vehicle Acc. Indem.,

6

for the proposition that Cap Gemini's motion should be denied because questions of fact exist regarding when plaintiff's claims accrued, is thus misplaced. No. 06-CV-1739, 2007 WL 1176521 (Table) (N.Y. Dist. Ct. Apr. 20, 2007). In Maple, the court expressly denied defendant's motion to dismiss based on the expiration of the applicable limitations period because, "neither party has provided the court with the necessary information to determine when, if at all, the Plaintiff's cause of action accrued." Id. at *8. That is not the case here. As discussed above, PacAdvantage has alleged in its Complaint and argued in its opposition papers that it discovered Cap Gemini's breach in November 2003, and Maple is thus inapposite.

Alternatively, PacAdvantage contends that the Agreement's one-year closure provision should be tolled because Cap Gemini intentionally "did not disclose its failure to properly implement . . . the PX2 System," thereby concealing from PacAdvantage the existence of any claims until after the one-year limitations period expired. (Pl.'s Opp. Br. at 4.) This argument also lacks merit.

Plaintiff is correct that, "A defendant may be estopped from asserting the Statute of Limitations as a defense where he or she has wrongfully induced the plaintiff to refrain from timely commencing an action by deception, concealment, threats or other misconduct." Zoe G. v. Frederick F.G., 617 N.Y.S.2d 370, 371 (2d Dep't 1994); see also Fritzhand, 800 N.Y.S.2d at 654. However, "equitable estoppel is only applicable in circumstances when there is evidence that plaintiff was lulled into inaction by defendant in order to allow the Statute of Limitations to lapse." Fritzhand, 800 N.Y.S.2d at 654-55. Thus, "application of the doctrine of equitable estoppel is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient." Zoe G., 617 N.Y.S.2d at 371.

First and foremost, the Complaint plainly alleges that PacAdvantage learned of Cap Gemini's failure to fulfill its contractual obligations in November 2003. Thus, PacAdvantage's claims accrued -- at the absolute latest -- in November 2003, and plaintiff had one year from then to file its lawsuit. The Complaint contains zero allegations that Cap Gemini in any way deceived, threatened, or otherwise induced plaintiff not to file a lawsuit between November 2003 and November 2006. Instead, the Complaint contains a single allegation that Cap Gemini "failed to disclose" that it had not provided the services promised in the Agreement. (Compl. at 4; see also id. at 6-7.) Given that plaintiff knew about Cap Gemini's breach in November 2003 and still waited three years to file a lawsuit, this allegation of concealment makes no sense as a basis for tolling the closure provision.

Moreover, plaintiff's allegation of concealment is entirely conclusory in nature and fails to allege -- as it must -- that Cap Gemini concealed its breach in order to allow the closure period to lapse. Fritzhand, 800 N.Y.S.2d at 654-55. Indeed, Cap Gemini's mere "failure to disclose the wrongdoing is insufficient" as a matter of law to toll the Agreement's one-year limitations period. Zoe G., 617 N.Y.S.2d at 371.

For all of these reasons, I find that the Agreement's closure provision forecloses the Complaint. I therefore need not address Cap Gemini's remaining arguments for dismissal.

## IV. Conclusion

Defendant Cap Gemini's motion to dismiss the Complaint is granted. This constitutes the decision and order of the court.

Dated: September 5, 2007

                                                    _____

                                                              U.S.D.J.

BY FAX TO ALL COUNSEL